**John STARCHEVICH, Petitioner,**

v.

**DIRECTOR, OWCP, U.S. DEPART-MENT OF LABOR, Respondent.**

**No. 87–1838.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 21, 1988.

Decided April 25, 1989.

Rehearing and Rehearing En Banc Denied May 31, 1989.

John Rossi, Des Moines, Iowa, for petitioner.

Stephen Ackerman, Washington, D.C., for respondent.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

John Starchevich appeals from an order of the Benefits Review Board of the United States Department of Labor, which affirmed a decision by an Administrative Law Judge (ALJ) denying benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 et seq. For reversal Starchevich contends that the ALJ erroneously considered a rereading of an x-ray, in violation of 30 U.S.C. § 923(b) and 20 C.F.R. § 727.206(b)(1), that the ALJ improperly rejected the opinion of a doctor offering favorable evidence, and that the ALJ's findings are not supported by the evidence as a whole. We affirm the Board's decision.

Starchevich, who had worked for over 10 years as a coal miner, applied for benefits in May of 1978. The Department of Labor denied his claim on March 29, 1979, provoking a number of formal hearings. The last formal hearing, upon which this appeal is based, occurred on April 26, 1983. Starchevich's evidence included a chest x-ray that had been initially interpreted to indicate lung damage, but was subsequently reread and discredited by another doctor, and the opinion of Dr. L. K. Rasmussen, who diagnosed Starchevich as suffering from disabling lung disease brought about by his coal mining employment. The ALJ was not persuaded by this evidence, however, and ruled that Starchevich was not presumptively entitled to benefits under 20 C.F.R.

§ 727.203(a).[1] The ALJ also found that Starchevich could not establish a totally disabling impairment, as described by 20 C.F.R. Part 410, and therefore denied the entire benefits claim. The Benefits Review Board affirmed the ALJ's decision, and this appeal followed.

Starchevich first argues that the ALJ erred in allowing the April 9, 1980 x-ray interpreted as showing lung damage to be reread. He believes that 30 U.S.C. § 923(b) and 20 C.F.R. § 727.206(b)(1)[2] prohibit the rereading in this situation. The government agrees that the initial reading was done by a board certified radiologist, that applicable quality standards were met, and that the claim has not been fraudulently presented. It argues, however, that Starchevich did not produce sufficient "other evidence" to activate section 727.206(b)(1)'s rereading prohibition.

■ The government relies on *Auxier v. Director, Office of Workers' Compensation Programs*, 4 Black Lung Rep. (MB) 1–717 (1982), in which the Board interpreted section 727.206(b)(1)'s requirements for other evidence. The Board there decided "that the prohibition is activated by any significant and measurable level of respiratory or pulmonary impairment." *Id.* at 1–721. Starchevich argues that this interpretation is unduly restrictive, but we are not persuaded. Administrative agencies are allowed deference when interpreting their own governing statute, unless those interpretations are unreasonable. *See Clay v. Director, Office of Workers' Compensation Programs*, 748 F.2d 501, 502 (8th Cir.

1984); *see also Chevron v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). The Board's reading of the statute in *Auxier* tracks with both explicit language and legislative history, *see Auxier*, 4 Black Lung Rep. (MB) at 1–722, and we cannot say that it is unreasonable.

■ Thus, Starchevich's argument is reduced to the question of whether the ALJ improperly concluded that no other evidence existed of significant or measurable lung impairment. The ALJ's findings of fact must also be given deference, unless they are clearly erroneous or not supported by the record as a whole. *See Phillips v. Director, Office of Workers' Compensation Programs*, 768 F.2d 982, 984 (8th Cir. 1985); *Newman v. Director, Office of Workers' Compensation Programs*, 745 F.2d 1162, 1164 (8th Cir.1984) (per curiam); 33 U.S.C. § 921(b)(3) (1982); 20 C.F.R. § 802.301 (1988). Although Starchevich did present some evidence of impairment, the government produced rebuttal evidence demonstrating that no impairment was present. We therefore hold that the ALJ's decision to credit the government's evidence over Starchevich's was not clearly erroneous and was supported by the record.

Starchevich also argues that the ALJ improperly refused to consider the opinion of Dr. Rasmussen, who found lung impairment. The government offered the opinion of Dr. Roger Mitchell, Jr., however, which directly contradicted Dr. Rasmussen's testimony. The ALJ explicitly relied on Dr.

1. Persons who have previously worked in coal mines for at least ten years are presumptively entitled to benefits if any one of the following conditions is met:

    (1) A chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis * * *
    (2) Ventilatory studies establish the presence of a chronic respiratory or pulmonary disease * * *
    (3) Blood gas studies [demonstrate] the presence of an impairment in the transfer of oxygen from the lung alveoli to the blood * * *
    (4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the

presence of a totally disabling respiratory or pulmonary impairment * * *
20 C.F.R. § 727.203(a) (1988).

2. 20 C.F.R. § 727.206(b)(1), the implementing regulation for the relevant portion of 30 U.S.C. § 923(b), states:
    In all claims where there is other evidence of a pulmonary or respiratory impairment, a board-certified or board-eligible radiologist's interpretation of a chest X-ray shall be accepted by the Office if the X-ray is in compliance with the requirements of § 410.428(b) of this title and if such X-ray has been taken by a radiologist or qualified radiologic technologist or technician and there is no evidence that the claimant has been fraudulently represented.

Mitchell's superior expertise, and this reliance was not clearly erroneous. Finally, Starchevich argues that the denial of benefits was not supported by the record as a whole. As we have already stated, the government supplied an extensive amount of evidence, which was sufficient to support the decision. We therefore affirm the decision of the Benefits Review Board.

McMILLIAN, Circuit Judge, dissenting.

I respectfully dissent. I would reverse the decision of the Benefits Review Board (BRB) and remand for the award of benefits because the Administrative Law Judge (ALJ) erroneously allowed into evidence a rereading of the chest x-ray taken April 9, 1980. The x-ray had previously been read as positive, presumptively establishing that John Starchevich suffers from pneumoconiosis. Under the statutory scheme set up by Congress to prevent the very kind of injustice that resulted in this case, *see Tobias v. Republic Steel Corporation*, 2 BLR 1–1277 (1981), the ALJ should never have allowed the rereading of the April 9, 1980, x-ray. With the evidence of the positive x-ray before him, the ALJ should have held that Starchevich is entitled to benefits pursuant to 20 C.F.R. § 727.203(a), and should have made the award.

The majority opinion properly recognizes that 20 C.F.R. § 727.206(b)(1) prohibits the rereading of a properly qualified x-ray interpreted as positive by a board-certified radiologist, absent any evidence of fraud, if the claimant presents "other evidence of a pulmonary or respiratory impairment." There is no question that the April 9, 1980, x-ray meets the § 727.206(b)(1) criteria. However, the majority opinion errs, as did the ALJ, in failing to recognize that Starchevich offered sufficient other evidence to prohibit the rereading of the x-ray. "Other evidence" is a defined term:

(i) The term "other evidence" means medical tests such as blood-gas studies, pulmonary function studies or *physical performance tests, physical examinations* or *medical histories* which establish the *presence of a chronic respiratory* or cardio-pulmonary condition and the spouse's affidavit alone shall not be sufficient in the case of a living miner to establish the existence of a respiratory or pulmonary impairment.

20 C.F.R. § 727.206(b)(1)(i) (emphasis added). It is obvious that the term "other evidence" is defined very broadly. If Starchevich were deceased, the affidavit of his spouse that he suffered from lung disease would have been sufficient "other evidence" to prevent the rereading of the April 9, 1980, x-ray. Moreover, "other evidence" is not limited to tests which themselves rise to a level that would invoke the statutory presumption.

The majority relies on *Auxier v. Director*, 4 Black Lung Rep. (MB)1–717 (1982), a case factually distinguishable from the instant case, for the proposition that to prevent the rereading of a positive x-ray, a claimant must present "other evidence" that the claimant suffers from a "significant and measurable level of respiratory or pulmonary impairment." *Id.* at 1–721. I think the standard in *Auxier v. Director* is more demanding than that set forth in the statutory scheme.

Nevertheless, even when this new higher standard is applied to the facts in the instant case the inescapable conclusion is that Starchevich did present other evidence that he suffers from a significant and measurable level of respiratory impairment which should have precluded the rereading of the x-ray. The record abounds with such other evidence, some of which is not even discussed by either the ALJ, the BRB, or the majority.

Dr. Stephen S. Jewett reported that an x-ray read on February 27, 1979, revealed an enlarged heart and tortuous aorta. The report also revealed "[t]here is infiltration in the lung fields indicative of chronic inflammatory disease." This opinion is not mentioned by the ALJ.

On April 9, 1980, Dr. L.K. Rasmussen examined Starchevich, took his medical history, and determined that he is disabled because of lung disease. Dr. Rasmussen specifically stated that the chronic lung disease was caused by exposure to coal

dust. Medical histories and physical examinations are, of course, specifically listed in the definition of "other evidence." For Dr. Rasmussen to determine that Starchevich is disabled, it follows that the respiratory disease must be both "significant and measurable." The ALJ rejected Dr. Rasmussen's opinion, relying instead on the opinion of Dr. Sherman Mitchell who reexamined the medical evidence at the request of the government. Dr. Mitchell repudiated Dr. Rasmussen's opinion without ever having seen, much less examined, Starchevich.

On April 13, 1983, Dr. Gutensohn reported that Starchevich suffers from chronic obstructive restrictive lung disease. Dr. Gutensohn's report lists a number of physical limitations affecting Starchevich's ability to walk, climb, lift, and carry. The limitations are evidence of a significant and measurable level of respiratory impairment within the meaning of *Auxier v. Director.* Dr. Gutensohn's report is not even mentioned by the ALJ. Nor was it considered by the majority opinion.

Additionally, Starchevich presented evidence of several ventilatory studies. Some of these studies revealed some impairment. Even if the test levels themselves were not low enough to raise the presumption, the impairment was nevertheless "measurable" and "significant" enough to preclude the rereading of the April 9, 1980, x-ray.

Medical science is not exact. Pneumoconiosis is an elusive disease, hard to diagnose, hard to prove, and hard to live with. For exactly these reasons, Congress has established the statutory presumptions and, under certain circumstances, precluded rereadings of x-rays by Labor Department employees. It is the intent of Congress that the Black Lung Benefits Act be liberally construed with doubts resolved in favor of miners. *Bozwich v. Mathews,* 558 F.2d 475 (8th Cir.1977); *Newman v. Director,* 745 F.2d 1162 (8th Cir.1984).

Accordingly, I would hold that the ALJ should have accepted Starchevich's other evidence of significant and measurable impairment and should have precluded the rereading of the positive x-ray. Faced with a positive x-ray and a claimant who had worked in mining employment for over ten years, the ALJ should have invoked the presumption of disability caused by coal mine employment and awarded Starchevich his long-overdue benefits. I would reverse the order of the BRB.