8 F.3d 816
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mack W. BAILEY, Petitioner,
v.
SEWELL COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 92-2409.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 17, 1993.
Decided: October 22, 1993.
 
 On Petition for Review of an Order of the Benefits Review Board. (91-1008-BLA)
 William C. Garrett, Gassaway, West Virginia, for Petitioner. William S. Mattingly, Jackson & Kelly, Morgantown, West Virginia, for Respondents.
 Ben. Rev. Bd.
 AFFIRMED.
 Before WILKINSON and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Mack Bailey appeals from the Benefits Review Board's ("Board") decision denying his claim for black lung benefits. We affirm.
 
 
 2
 On appeal, Bailey contends that the administrative law judge ("ALJ") and Board erred by finding the evidence of record insufficient to establish the existence of a totally disabling respiratory or pulmonary impairment pursuant to 20 C.F.R. § 718.204(c)(4) (1991). We disagree. The only evidence Bailey offered which could arguably have met this burden was the report of Dr. Rasmussen, who found a moderate respiratory impairment which would "significantly interfere" with Bailey's ability to perform his usual coal mine employment. This report was contradicted by the report of Dr. Zaldivar, who detected no pulmonary problems other than mild emphysema, which he attributed to smoking, and which he stated would not prevent him from performing his usual coal mine employment. Dr. Zaldivar's report was supported by Dr. Leonard's findings of normal pulmonary function.
 
 
 3
 Assuming, without deciding, that the language employed in Dr. Rasmussen's report was sufficient to establish total disability, we find that the ALJ properly relied on Dr. Zaldivar's superior credentials as a Board-certified physician in internal medicine and pulmonary diseases in according greatest weight to his report. See Starchevich v. Director, Office of Workers' Compensation Programs, 873 F.2d 197 (8th Cir. 1989); Wetzel v. Director, Office of Workers' Compensation Programs, 8 BLR 1-139 (1985). While Bailey may be correct in asserting that Dr. Rasmussen is also highly qualified in the area of pulmonary diseases, there is no dispute that Dr. Zaldivar's qualifications were in the record but that Dr. Rasmussen's were not, providing the ALJ with no basis for comparing his credentials against those of Dr. Zaldivar. The ALJ was under no obligation to develop the claimant's case and gather the requisite evidence of Dr. Rasmussen's qualifications. See The Pittsburg & Midway Coal Mining Co., 14 BLR 1135 (1990); King v. Consolidation Coal Co., 8 BLR 1-262 (1985); McFarlane v. Peabody Coal Co., 8 BLR 1-163 (1985).
 
 
 4
 We also find that, contrary to Bailey's argument, Dr. Zaldivar's findings regarding the miner's heart problems have no bearing upon the propriety of the ALJ's finding of no total disability, since the regulations require a showing of respiratory or pulmonary disability. See 20 C.F.R. § 718.204(c)(4) (1991). We do find merit in Bailey's contention that Dr. Zaldivar's report fails to discuss the exertional requirements of the miner's job as required by Eagle v. Armco, Inc., 943 F.2d 509 (4th Cir. 1991), but agree with the Respondent, Sewell Coal Company, that Dr. Rasmussen's report suffers from the same defect. If both reports are rejected on this basis, Bailey's claim must fail since he bears the burden of proving total disability, and his only evidence in this regard is Dr. Rasmussen's report.
 
 
 5
 Finally, we note Bailey's argument that the Board erred in its first decision in this case remanding the claim for further consideration because it instructed the ALJ to determine whether pneumoconiosis was disabling "in and of itself." While the standard for evaluating the cause of a miner's disability has, subsequent to the Board's decision, changed to require only a showing that pneumoconiosis was a "contributing cause" of the miner's totally disabling respiratory or pulmonary impairment, see Robinson v. Pickands Mather & Co., 914 F.2d 35 (4th Cir. 1990); Scott v. Mason Coal Co., 14 BLR 1-37 (1990), Bailey's argument nonetheless again does not aid his cause because neither the ALJ nor the Board addressed the issue of causation.
 
 
 6
 Moreover, we agree with Sewell that if the ALJ had addressed this issue, Bailey could not have prevailed, since the record is devoid of any evidence which could affirmatively establish causation, even under the new standard. Thus, even if we found error in the ALJ or Board's findings of no total disability, we would be constrained to affirm the denial of benefits because the lack of conflicting evidence on this critical element would render no doubt as to outcome of the claim. See Sahara Coal Co. v. Office of Workers' Compensation Programs, 946 F.2d 554 (7th Cir. 1991); Kowalchick v. Director, Office of Workers' Compensation Programs, 893 F.2d 615 (3d Cir. 1990); Logsdon v. Director, Office of Workers' Compensation Programs, 853 F.2d 613 (8th Cir. 1988).
 
 
 7
 Accordingly, we dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process. The decision of the Board is therefore
 
 AFFIRMED