12 F.3d 205
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sidney A. SHEPPARD, Petitioner,
v.
EASTERN ASSOCIATED COAL CORPORATION; Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 93-1933.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 17, 1993
Decided: December 2, 1993.
 
 On Petition for Review of an Order of the Benefits Review Board.
 S.F. Raymond Smith, Rundle & Cooper, L.C., for Petitioner.
 Mark E. Solomons, Laura Metcoff Klaus, Arter & Hadden, for Respondent.
 Ben.Rev.Bd.
 AFFIRMED.
 Before HALL, WILKINS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Petitioner Sidney Sheppard seeks review of the Benefits Review Board's (Board) decision affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits under 30 U.S.C. Secs. 901-45 (1988). On appeal, Sheppard contends that the ALJ erred in weighing the medical opinions of record and consequently erred by finding that Sheppard failed to establish totally disabling pneumoconiosis pursuant to 20 C.F.R. Sec. 718.204 (1991). This Court must affirm the findings of the Board unless they are not supported by substantial evidence or are contrary to law. See Wilson v. Benefits Review Bd., 748 F.2d 198 (4th Cir.1984).
 
 
 2
 Sheppard contends on appeal that the ALJ erred by rejecting Dr. Daniel's finding of total disability due to pneumoconiosis in favor of the conflicting opinions of Drs. Zaldivar and Morgan, who found no evidence of a respiratory impairment. Sheppard contends that the reports of Drs. Zaldivar and Morgan are not consistent with the objective evidence of record and therefore are not well reasoned. Sheppard bases this argument largely on the fact that while Dr. Zaldivar performed only an "at-rest" blood gas study, Dr. Daniel performed both at rest and exercise blood gas tests.
 
 
 3
 Dr. Zaldivar's report regarding his findings following examination of the miner states that he did not perform an exercise blood gas test due to concerns regarding the claimant's advanced age of 76 and his weakened condition due to musculoskeletal problems. In a subsequent report, however, in which he reviewed the medical evidence of record, including Dr. Daniel's blood gas studies, he reaffirmed his finding of no respiratory impairment. Dr. Morgan also reviewed the medical evidence of record and agreed with Dr. Zaldivar's conclusions.
 
 
 4
 Contrary to Sheppard's contention, the opinions of Drs. Zaldivar and Morgan were not inconsistent with the objective evidence of record. The pulmonary function studies were all nonqualifying, and, in the view of Drs. Zaldivar and Morgan, reviewed better than normal lung function. Moreover, the resting values of both blood gas studies considered by the ALJ were also nonqualifying. The only qualifying objective evidence consisted of the lone exercise blood gas study, which Drs. Zaldivar and Morgan opined were nonetheless normal for a person of Sheppard's age. We therefore find no merit to Sheppard's contention that the reports of Drs. Zaldivar and Morgan were not well reasoned, and further conclude that the ALJ properly accorded greater weight to the opinions of these physicians based on their superior credentials. See Starchevich v. Director, Office of Workers' Compensation Programs, 873 F.2d 197, 198-99 (8th Cir.1989); Warman v. Pittsburgh & Midway Coal Mining Co., 839 F.2d 257, 262 (6th Cir.1988).
 
 
 5
 Sheppard correctly contends that the ALJ did not discuss the exertional requirements of his work in finding no total disability. We have, however, found that such work requirements must be testimonially established, See Walker v. Director, Office of Workers' Compensation Programs, 927 F.2d 181 n.3 (4th Cir.1991), and Sheppard presented no such testimony in this case. In any event, such evidence is offered to permit an analysis of whether the physical demands of the miner's work exceed the abilities of a person with the miner's degree of respiratory impairment. See Wilburn v. Director, Office of Workers' Compensation Programs, 11 BLR 1-135 (1988). No such comparison was necessary in this case since the ALJ credited medical reports which found no respiratory impairment.
 
 
 6
 Finally, Sheppard contends that Dr. Morgan's finding that Sheppard was totally disabled from performing coal mine work due to his age and musculoskeletal problems but not because of his lungs failed to "rule out" any connection between the miner's disability and pneumoconiosis. Such a showing, however, was not necessary under Sec. 718.204. Instead, Sheppard bore the burden of affirmatively establishing that he had a totally disabling respiratory impairment and that this impairment was "due to" pneumoconiosis. See Robinson v. Pickands Mather & Co., 914 F.2d 35 (4th Cir.1990). We find that the ALJ properly found that Sheppard failed to meet this burden.
 
 
 7
 Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. In view of our disposition, we also find it unnecessary to address the contentions of the Respondent, Eastern Associated Coal Corporation, relating to the propriety of Board law concerning the procedures for analyzing duplicate black lung claims.
 
 AFFIRMED