43 F.3d 1467
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eugene KINCAID, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Consolidation Coal
Company, Respondents.
 No. 94-1738.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 31, 1994.
Decided: Nov. 16, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (92-1593-BLA)
 S.F. Raymond Smith, Rundle & Cooper, L.C., Pineville, W VA, for petitioner. Douglas A. Smoot, Jackson & Kelly, Charleston, W VA, for respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Eugene Kincaid seeks review of the Benefits Review Board's (Board) decision affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits. On appeal, Kincaid contends that the ALJ committed errors in relying upon the employer's physician's reports to find that Kincaid failed to establish a totally disabling respiratory impairment pursuant to 20 C.F.R. Sec. 718.204(c)(4) (1994). We disagree.
 
 
 2
 An ALJ may properly reject a medical opinion which is based upon an invalid study. See McMath v. Director, Office of Workers' Compensation Programs, 12 BLR 1-6 (1988). Moreover, the ALJ may accord greater weight to opinions which are better supported by the objective evidence of record, see Director, Office of Workers' Compensation Programs v. Siwiec, 894 F.2d 635, 639 (3d Cir.1990), or which are rendered by physicians possessing superior credentials. See Starchevich v. Director, Office of Workers' Compensation Programs, 873 F.2d 197, 198-99 (8th Cir.1989). In this case, it is undisputed that the physicians who found a totally disabling respiratory impairment relied on an invalid blood gas study, which was the only objective study of record which produced qualifying values under the regulations. Moreover, these physicians failed to discuss the remaining, non-qualifying, objective studies of record. It is also undisputed that the physicians who found the absence of total disability possessed Board-certification in Internal Medicine and Pulmonary Diseases, and that the physicians finding disability lacked such credentials.
 
 
 3
 Kincaid argues that the ALJ erred by failing to consider the exertional requirements of the miner's work in accordance with Walker v. Director, Office of Workers' Compensation Programs, 927 F.2d 181 (4th Cir.1991). Such consideration, however, was unnecessary in this case, because the employer's physicians, whose opinions were prop erly credited, found that the miner had no respiratory or pulmonary impairment at all, and therefore, from a respiratory standpoint, could perform any kind of manual labor.
 
 
 4
 Kincaid also contends that employer's physicians failed to adequately explain their reasons for rejecting a 1985 blood gas study showing the presence of hypoxemia. The physicians, however, properly found this study to be an unreliable indicator of the miner's condition in view of the fact that it was inconsistent with all other blood gas and ventilatory testing performed on the miner. We note, moreover, that the study was non-qualifying in any event.
 
 
 5
 Finally, we reject Kincaid's assertion that the ALJ's decision to credit the reports of record which were most consistent with the objective studies essentially amounted to a finding that the failure to establish total disability under subsections (c)(1) or (2) on the basis of ventilatory or blood gas evidence constitutes a failure to establish total disability. While a claimant's failure to establish total disability under subsections (c)(1) or (2) does not preclude a finding of disability under subsection (c)(4), the ALJ made no such finding. Rather, in accordance with the requirements of subsection (c), he considered all relevant evidence, see Walker, 927 F.2d at 184-85, including objective studies and medical reports. Obviously, however, a claimant's burden of establishing total disability on the basis of medical reports is more onerous where the objective data underlying the opinions expressed in those reports fail to support a finding of disability.
 
 
 6
 The decision of the Board is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.