**Grester ARNOLD, Petitioner,**

v.

**PEABODY COAL COMPANY, Old Republic Insurance Company and Director, Office of Workers Compensation Programs, United States Department of Labor, Respondents.**

**No. 94–1250.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 26, 1994.

Decided Dec. 9, 1994.

---

Raymond T. Reott, Robert L. Denby (argued), Jenner & Block, Chicago, IL, for Grester Arnold.

W.C. Blanton (argued), Terri A. Czajka, Ice, Miller, Donadio & Ryan, Indianapolis, IN, for Peabody Coal Co., Old Republic Ins. Co.

John H. Secaras, Sol. Gen., Dept. of Labor, Chicago, IL, Louis W. Rogers, Dept. of Labor, Office of Workers' Compensation Program, Washington, DC, Jeffrey S. Goldberg (argued), Christian P. Barber, U.S. Dept. of Labor, Office of the Sol., Washington, DC, for Director Office of Workers Compensation Programs.

Lisa L. Lahrman, Benefits Review Bd., Executive Counsel, Clerk of the Bd., Washington, DC, Donald S. Shire, Sol. Gen., U.S. Dept. of Labor, Office of the Sol., Washington, DC, for Benefits Review Bd.

Before FLAUM and KANNE, Circuit Judges, and WILL, District Judge.*

WILL, District Judge.

Petitioner, Grester Arnold, filed a Request for Modification of a Department of Labor decision denying him black lung benefits under the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. § 901 *et seq.* The Office of Worker's Compensation Programs ("OWCP") denied Arnold's request, and appeals to an Administrative Law Judge ("ALJ") and the Benefits Review Board ("the Board") affirmed that decision. Arnold now petitions this court for review of the Board's order affirming the ALJ's determination that the evidence he submitted in support of his Request for Modification was not sufficient to trigger the x-ray rereading prohibition of 30 U.S.C. § 923(b) and that he was not entitled to a hearing. For the reasons discussed below, we conclude that the rereading prohibition was violated, reverse the decision of the Board, and remand for a hearing on Arnold's Request for Modification.

## BACKGROUND

Grester Arnold was a coal miner for 32 years. In March 1980, he filed for black lung benefits under the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. § 901 *et seq.* The OWCP made an initial finding of entitlement, but after notification, respondent Peabody Coal Company controverted that finding and the OWCP reversed itself and denied benefits. In September 1982, Arnold requested reconsideration and submitted additional evidence. This request was forwarded to an ALJ, a formal hearing was held, and on August 28, 1985 a decision was issued denying benefits. That decision was appealed and affirmed by the Board on August 25, 1987.

On August 19, 1988, Arnold filed a Request for Modification on the grounds that there had been a change in his physical condition and/or that the ALJ had made a mistake in his determinations of fact. In support, Ar-

nold submitted a recent medical examination from Dr. Stephen Hessl and a reading of a recent chest x-ray by Dr. Fitzpatrick, a board-certified radiologist. Dr. Hessl's report included a pulmonary function study and an arterial blood gas study both showing "normal" non-qualifying results. It also summarized Arnold's medical history and physical limitations, including the fact that Arnold never smoked and was currently unable to walk 2 blocks or climb 10 steps without wheezing. The report further noted that Arnold suffered from dyspnea, orthopnea, coughing, and paroxysmal nocturnal dyspnea.

Despite the two non-qualifying test results, Dr. Hessl ultimately diagnosed Arnold as having chronic bronchitis, probable coal workers' pneumoconiosis [1] not evident on x-ray, probable tuberculosis and heart disease, an A.M.A. cardio-respiratory impairment of grade II or III, and concluded that he was "totally disabled from coal mine employment." Dr. Hessl's report also concluded that none of Arnold's disabling conditions were non-cardiopulmonary. Dr. Fitzpatrick read and found Arnold's recent x-ray to be positive for pneumoconiosis.

The Department of Labor received Arnold's Request for Modification along with Dr. Hessl's report and Dr. Fitzpatrick's x-ray reading, and, apparently without considering the x-ray rereading regulations, had Arnold's x-ray reread by two additional board certified radiologists. Dr. Jay Gordonson and Dr. Nicholas Sargent both interpreted Arnold's x-ray as being negative for pneumoconiosis. Thereafter, on November 15, 1988, a claims examiner concluded that a preponderance of the evidence did not support the awarding of benefits, and thus denied petitioner's modification request. On November 22, 1988, Arnold filed a request for a hearing before an ALJ to review the claims examiner's decision. The ALJ declined to hold a hearing, and held that a review of the evidence, including the two x-ray rereadings by Drs. Gordonson and Sargent, did not support Ar-

---

* The Honorable Hubert L. Will, District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

1. Pneumoconiosis is a "chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment." 30 U.S.C. § 902(b).

nold's Request for Modification. Arnold filed for reconsideration arguing that he was entitled to a hearing, but the ALJ responded that he was not required to hold a hearing on every request for modification and denied reconsideration on July 18, 1989.

On April 2, 1990, Arnold appealed to the Board on the grounds that he was entitled to a hearing, and that the claims examiner and the ALJ had both wrongfully relied upon x-ray rereadings that were done in violation of the rereading prohibition of 30 U.S.C. § 923(b) and 20 C.F.R. § 727.206(b).[2] The Board vacated the ALJ's order and remanded the case back to the ALJ to consider whether the rereading prohibition was applicable to Arnold's submission. Specifically, the Board asked the ALJ to determine whether Dr. Hessl's medical report was sufficient "other evidence" to trigger 30 U.S.C. § 923(b).

■ On June 23, 1992, the ALJ issued his Decision On Remand concluding that the rereading prohibition was not applicable. The ALJ determined that Dr. Hessl's report was not sufficient "other evidence" because, in his opinion, it was not well reasoned or documented.[3] Arnold appealed again to the Board, but the Board affirmed the ALJ's decision stating that the ALJ had "rationally concluded that Dr. Hessl's report was not reasoned inasmuch as Dr. Hessl failed to indicate how his documentation supported his conclusion." Arnold now appeals to this court to review the Board's Order affirming the ALJ's Decision On Remand.

2. A request for modification such as Arnold's is evaluated under the regulations that were in effect at the time the original claim was filed. Arnold filed his original claim prior to the effective date of the Black Lung Benefits Amendments of 1981, and therefore, the rereading prohibition is applicable to his claim. 30 U.S.C. § 923(b).

3. The ALJ's Decision and Order on Remand also expressed concern that Dr. Hessl's report did not explain to what extent the respiratory versus non-respiratory conditions were disabling, and that Dr. Hessl, who is not a board certified x-ray reader, had been the first person to read Arnold's x-ray. The Board affirmed the ALJ's decision without reaching these 2 additional issues. To the extent, if any, that these arguments were a

## DISCUSSION

■ Although Arnold appeals the final decision of the Board, our task is to review the ALJ's decision which the Board affirmed to determine whether it is rational, supported by substantial evidence, and in accord with the law. *Poole v. Freeman United Coal Mining Co.*, 897 F.2d 888, 892 (7th Cir.1990).

■ Arnold argues that the ALJ misapplied the law when he denied him a hearing and determined that the evidence submitted in support of his Request for Modification was insufficient to invoke the x-ray rereading prohibition of 30 U.S.C. § 923(b) and 20 C.F.R. § 727.206(b). We agree.

In relevant part the rereading prohibition of 30 U.S.C. § 923(b) provides that:

In any case ... in which there is other evidence that a miner has a pulmonary or respiratory impairment, the Secretary shall accept a board certified or board eligible radiologist's interpretation of a chest roentgenogram which is of quality sufficient to demonstrate the presence of pneumoconiosis submitted in support of a claim for benefits under this subchapter if such roentgenogram has been taken by a radiologist or qualified technician, except where the Secretary has reason to believe that the claim has been fraudulently represented.[4]

To determine whether the Department of Labor improperly solicited, and the ALJ improperly considered, additional rereadings of Arnold's x-ray, we apply the above provision to the evidence that Arnold filed in support of his Request for Modification. It is undis-

basis for the ALJ's conclusion that the rereading prohibition had not been violated, we conclude that they are not supported by the law and the facts of this case.

4. Similarly, the federal regulations under 20 C.F.R. § 727.206(b)(1) state "In all claims where there is other evidence of a pulmonary or respiratory impairment, a board-certified or board-eligible radiologist's interpretation of a chest x-ray shall be accepted by the Office if the x-ray is in compliance with the requirements of § 410.428(b) of this title and if such x-ray has been taken by a radiologist or qualified radiologic technologist or technician and there has been no evidence that the claim has been fraudulently represented."

puted that, with Dr. Fitzpatrick's reading and analysis of the recent x-ray, Arnold submitted a chest x-ray interpreted by a board certified radiologist as being positive for pneumoconiosis. Moreover, there has been no suggestion that the recent x-ray was improperly administered, fraudulently represented or otherwise flawed. The only remaining criteria, and the disputed issue here, is thus whether Dr. Hessl's report constitutes "other evidence" that Arnold suffered from a pulmonary or respiratory impairment.

Precisely this question was presented to the ALJ on remand from the Board. Arnold claimed that Dr. Hessl's report was more than sufficient other evidence to invoke the rereading prohibition. The ALJ, however, found that the other evidence requirement had not been met because he did not believe Dr. Hessl's opinion was well reasoned or documented and it did "not establish that claimant has a significant and measurable respiratory or pulmonary impairment." The ALJ seemed particularly concerned that the arterial blood gas and pulmonary function studies produced non-qualifying results, and yet Dr. Hessl had diagnosed Arnold as having a respiratory impairment and being totally disabled. The ALJ therefore ultimately concluded that Dr. Hessl's assessment was purely subjective and insufficient to invoke the rereading prohibition.

■ We find that the ALJ's analysis misapplies the "other evidence" requirement of 30 U.S.C. § 923(b). In order to prevent x-rays from being reread by the Department of Labor, a claimant need not make the same evidentiary showing that is ultimately necessary to establish total disability or an entitlement to benefits. Nor does application of the rereading prohibition confer benefits, create any presumptions, or prevent the submission of additional evidence. What constitutes the requisite other evidence is broadly defined to include "medical tests such as blood-gas studies, pulmonary function studies or physical performance tests, physical examinations or medical histories which establish the presence of a chronic respiratory or cardio-pulmonary condition and the spouse's affidavit alone shall not be sufficient in the case of a living miner to establish the existence of

a respiratory or pulmonary impairment." 20 C.F.R. § 727.206(b)(2)(i).

The physical examination and medical history relied upon by Dr. Hessl are both specifically listed within the accepted forms of "other evidence" under the federal regulations. From this evidence Dr. Hessl concluded that, even though the pulmonary function and blood gas tests were normal, Arnold suffered from dyspnea, orthopnea, coughing, and paroxysmal nocturnal dyspnea and accordingly diagnosed him with chronic bronchitis, probable coal miners pneumoconiosis, heart disease, and probable tuberculosis all resulting in a cardiorespiratory impairment and total disability from coal mining. Therefore, under the plain language of the rereading statute and its implementing regulations, Dr. Hessl's medical report is more than sufficient "other evidence." 30 U.S.C. § 923(b); 20 C.F.R. § 727.206(b)(2)(i).

Congress passed the rereading prohibition in order to eliminate the impression, if not the practice, that the federal government was having "panels of second-guessers" reread all positive x-rays in order to deny benefits. S.Rep. No. 209, 95th Cong., 1st Sess. (1977) 1978 U.S.Code Cong. & Admin.News p. 237. The Department of Labor's application of 30 U.S.C. § 923(b) should not defeat that purpose. Unfortunately, that is exactly what happened when the ALJ chose to reject Dr. Hessl's finding of "total disability from coal mining" because of the non-qualifying blood gas and pulmonary function studies, and accepted without a hearing, the rereading opinions of two second-guessers, Drs. Gordonson and Sargent. Further, there is no other support for the ALJ's decision to summarily disqualify Dr. Hessl's report as not being well reasoned.

Dr. Hessl personally examined Arnold, recorded his medical history, noted his significant physical symptoms and limitations, and summarized his conclusions on a standardized Department of Labor report form. The fact that the blood gas and pulmonary function studies did not indicate any respiratory impairment does not automatically make Dr. Hessl's diagnosis invalid. If those tests were intended to vitiate the rereading prohibition, the federal regulations would not have de-

fined "other evidence" to include, in addition to them, a broad range of other indicators. 20 C.F.R. § 727.206(b)(2)(i).

Nothing in the rereading prohibition allows an ALJ to selectively dismiss otherwise sufficient other evidence. Given Dr. Fitzpatrick's reading of the recent x-ray as positive for pneumoconiosis, the validity of Dr. Hessl's analysis should have been determined after a hearing. Instead, the ALJ improperly substituted his judgment for that of a qualified physician. *See Freeman United Coal Mining Co. v. Benefits Review Board,* 912 F.2d 164, 169–70 (7th Cir.1990); *Mitchell v. OWCP,* 25 F.3d 500, 504–05 (7th Cir.1994). Congress obviously intended that the weighing of conflicting evidence be done after a hearing on whether to award benefits, not when addressing the relatively modest burden of the rereading prohibition. When a full hearing has been held, the ALJ may then make an informed determination. At such a hearing Drs. Hessl and Fitzpatrick may testify and be questioned, and other evidence not involving rereadings may be received.

Respondents rely upon *Auxier v. Director, OWCP,* 4 Black Lung Rep. 1–717 (1982), for the proposition that the requisite other evidence under the rereading prohibition must be of a "significant and measurable" pulmonary or respiratory impairment. In *Auxier,* the ALJ found the rereading prohibition to be inapplicable since the physicians who took and read the x-rays were neither board-certified nor board-eligible. The Board on review found that the ALJ was in error in so finding. It held, however, that the rereading prohibition did not apply because the two physicians' reports were not "other evidence of a respiratory or pulmonary impairment" sufficient to invoke Section 932(b). *Auxier,* 4 Black Lung Rep. at 1–722.

One of the reports contained an x-ray reading of "simple pneumoconiosis category 1" but concluded that "the patient has essentially no, or minimal, impairment of the respiratory system." The other report had no finding of pneumoconiosis, and although listing "chronic obstructive pulmonary disease" as an initial impression, it did not indicate the degree of impairment caused, if any. The Board's decision was not appealed, and

in any event, it clearly involved facts substantially different from those before us. Dr. Hessl here found that Arnold suffered from probable pneumoconiosis, an A.M.A. cardio-respiratory impairment of grade II or III and was totally disabled from coal mine employment. This is evidence of both a "significant" and "measurable" pulmonary or respiratory impairment.

The principal precedent cited by the respondents is the opinion by a divided court in *Starchevich v. Director, OWCP, U.S. Dept. of Labor,* 873 F.2d 197 (8th Cir.1989). The majority there held that, although at a formal hearing Starchevich had presented "some evidence of impairment, the government produced rebuttal evidence demonstrating that no impairment was present." *Id.* at 198. Giving deference to the ALJ's findings, the majority found that the decision "was not clearly erroneous and was supported by the record." *Id.*

Judge McMillian in dissent pointed out that some of the evidence presented at the hearing was rereadings of a positive x-ray. He believed that the ALJ's decision to allow them into evidence was erroneous since there was substantial other evidence presented at the hearing that Starchevich suffered from a significant and measurable level of respiratory impairment which should have invoked the prohibition and prevented a rereading. Judge McMillian found that, in any event, the totality of the evidence, some of which was "not even discussed by either the ALJ, the BRB, or the majority," demonstrated that the ALJ and the Board had erroneously concluded that Starchevich was not disabled. *Starchevich,* 873 F.2d at 199 (McMillian dissenting).

It should be noted that *Starchevich* was an appeal from an ALJ's ruling *after a formal hearing.* There has been no hearing on Arnold's current evidence and condition. Instead, the ALJ here decided, based solely on the rereadings by two government retained doctors, that Arnold was not disabled. *Starchevich,* therefore, does not support what happened here, the dismissal of Arnold's request without a hearing, based solely upon government initiated negative rereadings, notwithstanding substantial new evi-

dence by two doctors, Hessl and Fitzpatrick, that Arnold is now "totally disabled." Arnold is entitled to such a hearing.

## CONCLUSION

For the reasons described above, we find that the ALJ erred both in concluding that Arnold had not submitted "other evidence" sufficient to invoke the rereading prohibition and in denying him a hearing. We therefore reverse the decision of the Board and remand for a hearing, as provided under the Federal Coal Mine Health and Safety Act, to consider Arnold's Request for Modification and to determine whether he is entitled to black lung benefits.