45 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Matsman FARLEY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department Of Labor; Sharples Coal
Corporation, Respondents-Appellees.
 No. 94-1461.
 United States Court of Appeals,
Fourth Circuit.
 Dec. 22, 1994.
Submitted Sept. 20, 1994.
Decided Dec. 22, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (93-749-BLA).
 William T. Watson, Huntington, W.Va., for petitioner.
 Douglas A. Smoot, Charleston, W.Va., for respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before MURNAGHAN, NIEMEYER and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Matsman Farley seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) denial of his request for black lung benefits pursuant to 30 U.S.C.A. Secs. 901-45 (West 1986 & Supp.1993). The record discloses that the denial of benefits in this case was predicated on the ALJ's finding, affirmed by the Board, that Farley failed to prove that any disability he might have had was "due to" pneumoconiosis, as required by 20 C.F.R. Sec. 718.204(b) (1993). See Robinson v. Pickands Mather & Co., 914 F.2d 35, 36-38 (4th Cir.1990). Our review is confined to the grounds upon which the agency based its decision. See Dayton v. Consolidation Coal Co., 895 F.2d 173, 175 (4th Cir.1990). Moreover, this Court is not empowered to reweigh the evidence; that function lies within the sole province of the ALJ. See Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1096 (4th Cir.1993). Rather, we must affirm the factual findings of the ALJ if they are supported by substantial evidence. Id. at 1096.
 
 
 2
 We note that Farley's brief does not identify any error committed by the ALJ or the Board in finding no causation under Sec. 718.204(b). Rather, most of his brief is devoted to the question of whether the ALJ properly found the absence of a totally disabling respiratory impairment pursuant to 20 C.F.R. Sec. 718.204(c)(1) & (4). Therefore, to the extent that Farley challenges the ALJ's Sec. 718.204(b) finding at all, we reject this challenge because substantial evidence supports the ALJ's finding of no causation in this case. The ALJ rejected the only medical opinion of record attributing the miner's total disability to pneumoconiosis, submitted by Dr. Ranavaya, in favor of reports disputing this conclusion submitted by Drs. Zaldivar, Fino, and Castle. The ALJ accorded greater weight to the latter reports based on the superior credentials of these physicians. Since the ALJ may properly accord greater weight to the reports of physicians possessing superior qualifications, see Starchevich v. Director, Office of Workers' Compensation Programs, 873 F.2d 197, 198-99 (8th Cir.1989); Warman v. Pittsburg & Midway Coal Mining Co., 839 F.2d 257, 262 (6th Cir.1988), we find that substantial evidence, namely, the reports of Drs. Zaldivar, Fino, and Castle, supports the ALJ's finding of no causation.
 
 
 3
 Accordingly, the decision of the Board is affirmed. We grant Farley's motion to waive oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED