**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EVERETT J. WYATT,
Petitioner,

v.

CONSOLIDATION COAL COMPANY;

No. 96-1409

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(95-1542-BLA)

Submitted: January 14, 1997

Decided: January 28, 1997

Before MURNAGHAN and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Diana Hood Crutchfield, BERRY, KESSLER, CRUTCHFIELD &
TAYLOR, Moundsville, West Virginia, for Petitioner. William S.
Mattingly, JACKSON & KELLY, Morgantown, West Virginia, for
Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Everett Wyatt petitions for review of a decision of the Benefits
Review Board (Board) affirming the administrative law judge's (ALJ)
decision to deny his application for black lung benefits. We must
affirm the decision of the Board if the Board properly decided that the
ALJ's findings are supported by substantial evidence. Doss v. Direc-
tor, Office of Workers' Compensation Programs, 53 F.3d 654, 658
(4th Cir. 1995). We confine our review to the grounds upon which the
Board based its decision. See Grigg v. Director, Office of Workers'
Compensation Programs, 28 F.3d 416, 418 (4th Cir. 1994). In this
case, the Board's decision was based on its determination that the
ALJ committed no reversible error in finding that Wyatt failed to
establish the existence of pneumoconiosis by means of medical opin-
ion evidence under 20 C.F.R. § 718.202(a)(4) (1996).

Wyatt first contends on appeal that the ALJ's finding was errone-
ous because the record contains no medical reports which contradict
the finding of several physicians who, in Wyatt's view, diagnosed
pneumoconiosis. Initially, we disagree with Wyatt's characterization
of the evidence. Only one physician, Dr. Tipton, unequivocally diag-
nosed pneumoconiosis. Moreover, his opinion is in direct conflict
with the opinion of Dr. Renn who, contrary to Wyatt's contention on
appeal, explicitly ruled out the possibility that the miner suffers from
pneumoconiosis as that term is defined in the regulations when he
opined that the miner had no chronic respiratory or pulmonary disor-
der related to his occupational exposure to coal mine dust. See 20
C.F.R. § 718.201 (1996).

Wyatt correctly asserts that Dr. Altmeyer, who found no coal work-
ers' pneumoconiosis, failed to address whether the miner suffered
from legal pneumoconiosis. His opinion, however, is still relevant to
the issue of pneumoconiosis, is consistent with Dr. Renn's opinion,

2

and does not support Wyatt's burden to establish pneumoconiosis. The ALJ therefore also properly relied on his report in finding no pneumoconiosis. Moreover, the ALJ rationally accorded greater weight to the opinions of Drs. Renn and Altmeyer based on their superior qualifications in the area of pulmonary medicine. See Starchevich v. Director, Office of Workers' Compensation Programs, 873 F.2d 197, 198-99 (8th Cir. 1989).

We agree with Wyatt that the ALJ erred by relying on Dr. Fino in finding no pneumoconiosis. The ALJ erroneously stated that Dr. Fino reviewed the entire record and found no pneumoconiosis. In fact, Dr. Fino merely reviewed the results of a single pulmonary function study and rendered no opinion concerning pneumoconiosis. We also agree with the Board, however, that this error was harmless, as the ALJ's finding of pneumoconiosis is firmly supported by the opinions of Drs. Renn and Altmeyer alone.

Finally, we reject Wyatt's contention that the ALJ erroneously factored the X-ray evidence into his weighing of the medical opinion evidence. The ALJ's reference to the fact that the totality of the X-ray evidence was negative merely appropriately points out that the objective evidence in this case tended to best support the medical opinions which found no pneumoconiosis.

The Board correctly found that the ALJ's finding of no pneumoconiosis is supported by substantial evidence. The Board also correctly found that Wyatt's failure to establish this critical element precludes Wyatt's entitlement to benefits. See Robinson v. Pickands Mather & Co., 914 F.2d 35, 36 (4th Cir. 1990). We therefore affirm the decision of the Board and decline to address Wyatt's remaining arguments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3