**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THOMAS H. DICKENS,
Petitioner,

v.

PEABODY COAL COMPANY,

Respondent,

No. 95-3194

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Party in Interest-Respondent.

On Petition for Review of an Order
of the Benefits Review Board.
(93-882-BLA, 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)

Submitted: February 11, 1997

Decided: July 29, 1997

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roger D. Forman, FORMAN & CRANE, L.C., Charleston, West Vir-
ginia, for Petitioner. Mark E. Solomons, Thomas H. Odom, ARTER
& HADDEN, Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Benefits Review Board (Board) upheld a finding by an administrative law judge (ALJ) that Thomas H. Dickens was not totally disabled due to pneumoconiosis. Dickens now petitions for review of the Board's order. Because the Board properly found that substantial evidence supports the ALJ's decision, we affirm. See Doss v. Director, OWCP, 53 F.3d 654, 658-59 (4th Cir. 1995).

To establish entitlement to black lung benefits, a miner must show that he has pneumoconiosis, that the disease was caused by coal mine employment, and that he is totally disabled due to the disease. 20 C.F.R. §§ 718.202-204 (1996); Robinson v. Pickands Mather & Co., 914 F.3d 35, 36 (4th Cir. 1994). A claimant may establish the presence of a totally disabling respiratory or pulmonary impairment by means of (1) pulmonary function studies; (2) arterial blood gas studies; (3) evidence of cor pulmonale with right-sided congestive heart failure, or (4) medical reports. 20 C.F.R.§ 718.204(c).

Neither of Dickens' two pulmonary function studies produced qualifying values. Nor did his two blood gas studies qualify. There was no evidence of cor pulmonale. Dickens, therefore, had to establish disability by way of medical reports. Two doctors, Dr. Rasmussen and Dr. Zaldivar, interpreted Dickens' pulmonary function and arterial blood gas tests differently. Dr. Rasmussen concluded that the tests revealed total disability; Dr. Zaldivar found the test results to be normal and concluded that Dickens was capable of performing heavy manual labor.

The ALJ made a credibility determination in favor of Dr. Zaldivar because he possessed superior qualifications. Determinations regarding the credibility of evidence lie solely within the province of the ALJ. Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1096 (4th

2

Cir. 1993). The ALJ may properly accord greater weight to the report of a physician if the physician possesses qualifications superior to those of another physician with a conflicting opinion. Starchevich v. Director, OWCP, 873 F.2d 197, 198-99 (8th Cir. 1989).

In the subject case, evidence was before the ALJ that Dr. Zaldivar was board-certified in internal medicine and in the subspecialty of pulmonary disease. Dr. Rasmussen's qualifications were not stated in the record. Neither the ALJ nor the Board was obligated to develop the claimant's case and gather evidence of Dr. Rasmussen's qualifications prior to rendering a decision in this case. See King v. Consolidation Coal Co., 8 BLR 1-262 (1985). The ALJ thus acted properly in crediting the opinion of Dr. Zaldivar over that of Dr. Rasmussen, particularly since all objective medical tests were non-qualifying.*

Dickens argues that it was unreasonable for the ALJ to ignore a 1981 decision of the West Virginia Occupational Pneumoconiosis Board finding him to be ten percent disabled. That one-page decision was not in the record; therefore, neither the ALJ nor the Board was obligated to consider it. Further, there are no findings showing the basis for the award. Unsupported conclusions cannot override objective medical tests results and the opinions of physicians which are supported by medical evidence. We note that Dickens worked as a miner following this award. The state agency's finding is not binding on the ALJ. 20 C.F.R. § 718.206 (1996); Moseley v. Peabody Coal Co., 769 F.2d 357, 361 n.7 (6th Cir. 1985). Finally, the state agency found only a ten percent disability; to qualify for federal black lung benefits, total disability is required.

We affirm the denial of benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. The motion to strike Petitioner's brief is denied.

AFFIRMED
_____

*Dickens incorrectly claims that the ALJ ignored Dr. Rasmussen's finding that Dickens' blood oxygen level decreases with exercise. The ALJ noted that Dr. Zaldivar criticized this finding, and the ALJ credited Dr. Zaldivar's opinion over that of Dr. Rasmussen.