Estes BARTLEY, Petitioner,

v.

L & M COAL CO., Old Republic
Companies, and Director,
OWCP, Respondents.

No. 89–3434.

United States Court of Appeals,
Sixth Circuit.

Submitted Jan. 25, 1990.

Decided Feb. 23, 1990.

Randy G. Clark, Pikeville, Ky., for petitioner.

Laura Metcoff Klaus, Mark E. Solomons, Thomas B. Hobbes, Arter & Hadden, Washington, D.C., for respondents.

Donald S. Shire, Assoc. Sol., Sylvia T. Kaser, Dorothy Page, U.S. Dept. of Labor, Office of the Sol., Washington, D.C., for Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor, respondent.

Before WELLFORD and GUY, Circuit Judges, and HULL, Chief District Judge.[*]

PER CURIAM:

Claimant, Estes Bartley, appeals seeking the reversal of a decision and order of the Benefits Review Board affirming an Administrative Law Judge's decision to deny benefits in a claim arising under the Black Lung Benefits Act, 30 U.S.C. §§ 901–945. This case presents two issues: (1) whether the Board's order of remand was proper; and (2) whether the ALJ's finding that the respondents presented sufficient evidence to rebut the interim presumption of total disability under 20 C.F.R. § 727.203(b)(2) is supported by substantial evidence. Upon review, we conclude that the Board's order of remand was proper and that the findings of the ALJ are supported by substantial evidence. We, accordingly, affirm.

I.

This case has a long and interesting procedural history which began on August 15,

---

[*] The Honorable Thomas G. Hull, United States Chief District Judge for the Eastern District of Tennessee, sitting by designation.

1975 when Bartley[1] filed a claim for benefits under Part C of Title IV of the Federal Coal Mine Health & Safety Act of 1965 as amended. Following the enactment of the Black Lung Benefits Reform Act of 1977, 30 U.S.C. §§ 901–945, the Department of Labor reviewed Bartley's claim and directed it to the Office of Administrative Law Judges for formal hearing on June 23, 1980. No formal hearing ever took place, and instead, on March 19, 1981, the parties agreed to take Bartley's testimony by deposition. Bartley's deposition transcript along with its documentary exhibits was submitted for the ALJ's consideration in lieu of a hearing.

On September 14, 1981, ALJ Edward J. Murty entered a decision and order in which he found that Bartley had worked as a miner for 33 years. The ALJ analyzed the claim under 20 C.F.R. Part 727 and determined that Bartley had established the existence of pneumoconiosis by x-ray evidence. The ALJ, therefore, invoked the interim presumption under § 727.203(a)(1) and concluded that Bartley was entitled to benefits because the findings of Dr. Richard P. O'Neill conflicted with the reports of the other physicians.

The employer appealed to the Board arguing that the ALJ's decision was not supported by substantial evidence because the ALJ either misread the evidence or substituted his own judgment for that of the experts.

In an order entered June 14, 1984, the Board vacated the ALJ's decision and remanded the case for "consideration of rebuttal under 20 C.F.R. § 727.203(b)(2)." Specifically, the Board found that the ALJ's analysis was insufficient because he did not make an adequate determination of whether the opinions of the doctors in the record actually were conflicting. The Board instructed the ALJ, on remand, to determine the exertional requirements of claimant's usual coal mine work and then to compare those physical demands with the limitations on performance indicated by the physicians. If the physicians' opinions were indeed conflicting, the Board instructed the ALJ to weigh the opinions and explain his findings in compliance with the Administrative Procedure Act, 5 U.S.C. § 557(c)(3)(A), incorporated by 33 U.S.C. § 919(d) and 30 U.S.C. § 932(a). The Board further cautioned the ALJ not to substitute his opinion for that of the experts in evaluating the objective studies in the record.

On remand the ALJ reversed his earlier findings, but misconstrued the Board's directions by looking only to the medical opinion evidence without making any findings on the physical demands of Bartley's job other than to note that the work involved shoveling coal and rock dusting. The ALJ concluded that the evidence presented a conflict between the opinions of Dr. Odom and Dr. O'Neill, but accepted Dr. O'Neill's findings because of his superior professional qualifications.

Bartley appealed the ALJ's decision to the Board arguing that the ALJ did not follow the Board's instructions and that he failed to determine the exertional requirements of claimant's usual coal mine employment and erred in finding Dr. O'Neill's report sufficient to support rebuttal. The Board agreed that the ALJ erred in not making any finding on the physical demands of Bartley's work and again remanded the case for reevaluation of the evidence. The Board also instructed the ALJ that he was not bound to credit Dr. O'Neill's opinion over that of Dr. Odom solely because of superior qualifications. The Board advised the ALJ to consider whether the physicians had knowledge of the jobs held by Bartley and to consider the reasoning and documentation relied upon in assessing their probative value.

The ALJ then considered the exertional requirements of Bartley's job, but again determined that his decision involved choosing between the report of Dr. Odom, who found Bartley disabled from further coal mine employment, and that of Dr. O'Neill,

---

1. Bartley was born on September 21, 1927 and completed six grades in school. He worked as a coal loader for thirty-three years and retired in 1975. Bartley has smoked cigarettes since he was five years old.

who found claimant able to return to his usual job. The ALJ stated:

> I must accept the opinion of Dr. O'Neill, the distinguished pulmonary specialist and professor of pulmonary medicine over that of Dr. Odom, whose qualifications are unknown.... I find myself unable to express any reason acceptable to the Board to prefer Dr. Odom's opinion over that of Dr. O'Neill. Therefore I accept Dr. O'Neill's opinion because of his superior qualifications as I previously stated. That opinion is total to rebut the presumption of Disability [sic].

Appendix 34.

Bartley again appealed to the Board taking issue with the ALJ's decision, not because the ALJ's reasoning was unsound or because the ALJ had applied an erroneous method of resolving conflicts in the record, but because of the ALJ's comments on how he felt personally about the case. The Board considered the ALJ's decision and order, Bartley's argument, and the evidence in the record, and concluded that the ALJ's decision was supported by substantial evidence. Specifically, the Board found that the ALJ's findings under 20 C.F.R. § 727.203(b)(2) complied with this court's opinion in *York v. Benefits Review Board*, 819 F.2d 134 (6th Cir.1987), and *Neace v. Director, OWCP*, 867 F.2d 264 (6th Cir. 1989). The Board, therefore, affirmed the ALJ's denial of benefits.

## II.

■ Bartley contends first that we must focus our analysis upon the ALJ's 1981 decision awarding him benefits, which was vacated by the Board, rather than upon the ALJ's 1987 decision denying his claim, which the Board affirmed. The petitioner's contention proceeds from the erroneous assumption that we have jurisdiction to review Board action on an ALJ's decision that has since been reversed by the ALJ himself on remand. Our jurisdiction is limited to review of "final" orders from the Board. *See, e.g., Youghiogheny & Ohio Coal Co. v. Baker*, 815 F.2d 422, 424 n. 2 (6th Cir.1987). In this case, the Board order that the petitioner seeks to attack merely vacated the ALJ's initial award of benefits and remanded the claim for reconsideration in light of the appropriate legal standard. Because "'a Board order that remands a case to an ALJ for further findings' is not reviewable" as a final order, *Redden v. Director, OWCP*, 825 F.2d 337, 338 (11th Cir.1987), we have no authority to review the ALJ's *first* resolution of the petitioner's claim. Moreover, the ALJ's initial decision, having since been vacated and then reversed by the ALJ himself, cannot constitute the final disposition of the claim subject to review at this juncture. Accordingly, we reject the petitioner's first argument.

## III.

■ Bartley further argues that the respondents failed to rebut the interim presumption under 20 C.F.R. § 727.203(b)(2). Section 727.203(b)(2) allows for rebuttal of the interim presumption that a claimant is disabled if the evidence establishes that "the individual is able to do his usual coal mine work or comparable and gainful work." 20 C.F.R. § 727.203(b)(2). In order for a party to establish rebuttal pursuant to section 727.203(b)(2), it must show that a miner is not disabled for any reason and that the miner is capable of doing his usual coal mine employment or comparable and gainful work. *York*, 819 F.2d at 137–38. In *York*, this court reversed an ALJ's rebuttal finding under section 727.203(b)(2) because the medical evidence in that case, unlike this case, demonstrated that claimant had other disabling problems including back problems. *Id.* at 139. Neither Dr. O'Neill's deposition nor his medical report indicate the presence of any non-respiratory impairment; none of the other medical opinions suggest any possible nonrespiratory impairment. Because Dr. O'Neill's opinion states that Bartley could return to his usual coal mine employment, we find the ALJ's rebuttal determination pursuant to Section 727.203(b)(2) to be supported by substantial evidence. *See Neace*, 867 F.2d at 268–69.

We, therefore, AFFIRM the decision of the Board dated March 22, 1989.