107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joe D. SIMPSON, Petitioner,
v.
NATIONAL MINES CORPORATION, Old Republic Insurance Company,
Director, O.W.C.P.; and United States Department
of Labor, Respondents.
 No. 95-4061.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1997.
 
 Before: NELSON, and DAUGHTREY, Circuit Judges, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 The petitioner, Joe D. Simpson, petitions for review of the Benefits Review Board's denial of black lung benefits. Because we conclude that the Board did not err by finding that the administrative law judge's decision was supported by substantial evidence, we deny the petition and allow the Board's order to stand.
 
 
 2
 Simpson is a 62-year-old Kentucky resident with 19 years of coal mining employment. He has not worked since 1985, when he was laid off by respondent National Mines Corporation. In 1987, Simpson filed a claim for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901-45. An administrative law judge found Simpson eligible for benefits under the Act, after determining that the 11 conflicting x-rays readings in the record led to "true doubt" about whether Simpson had pneumoconiosis and that the "true doubt" should be resolved in Simpson's favor. The administrative law judge further concluded that even if x-ray evidence had not established pneumoconiosis, the medical opinion evidence established that Simpson had a pulmonary disease at least partly caused by pneumoconiosis, that Simpson's coal mining employment was responsible for the pneumoconiosis, and that Simpson was totally disabled.
 
 
 3
 The Benefits Review Board, however, vacated the administrative law judge's decision in part. The Board held that the judge had not discussed the x-ray or medical opinion evidence with enough specificity to satisfy the Administrative Procedure Act, 5 U.S.C. § 557(c)(3)(A), as incorporated by 5 U.S.C. 554(c)(2), 33 U.S.C. § 919(d), and 30 U.S.C. 932(a). The Board noted that 50 of 59 x-ray readings were negative; seven of ten films were uniformly read as negative; and 29 of 32 B-readings were negative. With respect to the medical opinion testimony, the Board noted that only four of the ten examining physicians diagnosed pneumoconiosis. The Board also vacated the finding of total disability.
 
 
 4
 On remand, the administrative law judge denied Simpson benefits, noting that since its last opinion, the Supreme Court had decided Director, Office of Workers' Compensation Programs, United States Dep't of Labor v. Greenwich Collieries, 114 S.Ct. 2251 (1994), which held that the "true doubt" rule was inconsistent with § 7(c) of the Administrative Procedure Act. After again finding the x-ray evidence "equally probative," the judge found that Simpson had not carried his burden of establishing the presence of pneumoconiosis. With regard to the medical opinion evidence, the administrative law judge found that four of the ten examining doctors found pneumoconiosis, six did not diagnose pneumoconiosis, and three of the doctors reviewing records for the employer found no pneumoconiosis. The judge noted that only four of the doctors, however, were pulmonary specialists. Of the specialists, two found an obstructive impairment caused by cigarette smoking but no pneumoconiosis, and two diagnosed smoking-related asthmatic bronchitis but no significant impairment. The judge relied on these specialists' opinions, finding these doctors more qualified that the other physicians who offered opinions. The administrative law judge, therefore, held that Simpson's total disability was not caused by pneumoconiosis.
 
 
 5
 The Board affirmed the administrative law judge's second decision, finding it to be supported by substantial evidence. Simpson seeks review of both Board decisions and of the administrative law judge's second decision. Unfortunately for him, we are precluded from reviewing the initial Board ruling, under the authority of Bartley v. L & M Coal Co., 901 F.2d 1311, 1313 (6th Cir.1990) (per curiam), in which we held that " 'a Board order that remands a case to an [administrative law judge] for further findings' is not reviewable." Moreover, we reject the petitioner's argument that the later case of Peabody Coal Co. v. Greer, 62 F.3d 801 (6th Cir.1995), represents an example of this court's refusal to follow Bartley, because the procedural facts in Peabody are clearly distinguishable from those in this case.
 
 
 6
 As to the Board's final determination on the merits, we find no error. The board must affirm a decision of an administrative law judge if it is supported by substantial evidence. 33 U.S.C. § 921(b)(3). In order to establish entitlement to black lung benefits, a claimant must initially prove the existence of pneumoconiosis by one of four methods listed in 20 C.F.R. § 718.202. These methods include (1) the presentation of x-ray evidence, (2) biopsy or autopsy evidence, (3) the existence of one of the applicable legal presumptions of pneumoconiosis, and finally, (4) a physician's opinion based on objective medical evidence.
 
 
 7
 In this case, the administrative law judge on remand found that the x-ray readings of equally qualified readers were equally probative, and that under Greenwich Colleries, 114 S.Ct. 2251, because the proof was evenly balanced, Simpson could not prove the existence of pneumoconiosis through the presentation of x-ray evidence. With regard to the medical opinion evidence, the administrative law judge noted that ten doctors had examined Simpson and that three had reviewed the medical reports. However, only four doctors were pulmonary specialists, none of whom diagnosed pneumoconiosis. The administrative law judge relied more heavily on the opinions of these four doctors than on the less qualified doctors who diagnosed pneumoconiosis and, therefore, found that the claimant had not proven the existence of pneumoconiosis.
 
 
 8
 As the respondents point out, an administrative law judge is entitled to give greater weight to the opinions of pulmonary specialists than to general practitioners. Adams v. Peabody Coal Co., 816 F.2d 1116, 1121 (6th Cir.1987) (per curiam). The evidence shows that four pulmonary specialists--Drs. Powell, Anderson, Dahhan, and Broudy--found no evidence of pneumoconiosis. Other physicians, such as Drs. Jackson, Vuscovich, Branscomb, and Lane, although not pulmonary specialists, also concluded that Simpson did not have pneumoconiosis. Drs. Bangudi, Wright, Sutherland, and Martin, who were not pulmonary specialists, interpreted x-ray or other evidence as indicating pneumoconiosis. Because the pulmonary specialists found no evidence of pneumoconiosis, but attributed Simpson's respiratory disease to smoking, the administrative law judge's decision was supported by substantial evidence. The claimant essentially asks this court to reweigh the evidence, but because the Board did not err by finding the administrative law judge's decision amply supported, we conclude that the order of the Board denying benefits must be AFFIRMED.
 
 
 
 *
 The Hon. Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation