110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. CARPENTER, Petitioner,
v.
TRIPLE ELKHORN MINING COMPANY, et al., Respondents.
 No. 96-3453.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1997.
 
 Before: LIVELY, NELSON, and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This matter comes before us on a petition for review of a decision and order in which the Benefits Review Board denied an application for benefits under the Black Lung Benefits Act of 1977, 30 U.S.C. §§ 901 et seq. Concluding that the Board's decision is supported by substantial evidence, we shall deny the petition.
 
 
 2
 * The petitioner, William Carpenter, worked as a coal miner for over ten years. He quit this work in December of 1978 due to a back injury. In February of 1980 Mr. Carpenter applied for benefits under the Black Lung Benefits Act. Seven years later an administrative law judge conducted a hearing on the claim. The ALJ subsequently issued a decision awarding benefits, but the decision was vacated by the Benefits Review Board on the grounds that the ALJ had erroneously excluded certain evidence and had relied on other evidence that was not in the record.
 
 
 3
 On remand, the ALJ again found that Mr. Carpenter was entitled to benefits. The Board vacated this decision as well, the Supreme Court in the interim having invalidated the "true doubt" rule on which the ALJ had relied.
 
 
 4
 The ALJ issued a third decision on April 11, 1995. This time Mr. Carpenter's claim was denied. The Board affirmed the April 11 decision on March 22, 1996, and Mr. Carpenter filed a timely petition for review.
 
 II
 
 5
 A major thrust of Mr. Carpenter's argument is that because the ALJ's second decision was supported by substantial evidence, the Benefits Review Board erred in vacating that decision and remanding the case. The jurisdiction of this court, however, is limited to review of final orders. Bartley v. L & M Coal Co., 901 F.2d 1311, 1313 (6th Cir.1990). A Board order remanding a case to an ALJ is not a final order. In the case at bar our jurisdiction extends only to review of the Board's decision and order of March 22, 1996.
 
 
 6
 This court may conduct only limited review of Board decisions. Cross Mountain Coal, Inc. v. Ward, 93 F.3d 211, 215 (6th Cir.1996). A decision must be affirmed unless the Board has committed significant legal errors or has exceeded its statutory scope of review in dealing with the ALJ's factual findings. Director, Office of Workers' Comp. Programs v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The Board itself "may only set aside an administrative law judge's findings of fact and conclusions of law if they are not supported by substantial evidence in the record as a whole or if they are not in accordance with law." Id. Our authority is similarly constrained. Welch v. Benefits Review Bd., 808 F.2d 443, 445 (6th Cir.1986); Zimmerman v. Director, Office of Workers' Comp. Programs, 871 F.2d 564, 566 (6th Cir.1989).
 
 
 7
 Because Mr. Carpenter filed his claim for benefits prior to April 1, 1980, he was eligible to try to invoke the interim presumption of 20 C.F.R. § 727.203. Under this presumption, a claimant who has engaged in coal mine employment for at least ten years is presumed, subject to rebuttal by the employer, to be totally disabled due to pneumoconiosis if the claimant establishes: (1) that he has pneumoconiosis, as demonstrated by x-ray, autopsy, or biopsy evidence; or (2) that he has a qualifying respiratory or pulmonary impairment, as demonstrated by (a) pulmonary function studies indicating a chronic respiratory or pulmonary disease; (b) blood gas studies indicating an impairment in the transfer of oxygen to the blood; or (c) other medical evidence, including a reasoned and documented medical opinion, indicating a totally disabling respiratory impairment. 20 C.F.R. §§ 727.203(a)(1) through (a)(4). The ALJ found in his final decision that Mr. Carpenter had not succeeded in invoking the interim presumption on any of these grounds.
 
 
 8
 Substantial evidence supports the ALJ's finding that Mr. Carpenter's x-ray evidence failed to demonstrate pneumoconiosis. The ALJ was presented with numerous interpretations of Mr. Carpenter's x-rays, mainly by B-readers and/or board-certified radiologists.[1] A number of the best qualified readers found no evidence of pneumoconiosis, while a lesser number of the best qualified readers found that the x-rays indicated pneumoconiosis. In all three of his decisions, the ALJ acknowledged that the x-ray evidence was in conflict. After considering the qualifications of the readers, as well as the number of positive and negative readings, the ALJ concluded in all three decisions that the positive and negative readings were equally probative.
 
 
 9
 In his first and second decisions, the ALJ relied on the "true doubt" rule to hold that the x-ray evidence invoked the interim presumption.[2] But in Director, OWCP v. Greenwich Collieries, 114 S.Ct. 2251 (1994), the Supreme Court struck down the true doubt rule as violative of § 7(c) of the Administrative Procedure Act.
 
 
 10
 In his third decision the ALJ reiterated that the positive and negative x-ray readings were equally probative, and he noted that Mr. Carpenter had presented no new evidence in support of his claim. It followed that Mr. Carpenter "has failed to tip the scales in his favor and thus has failed to carry his burden of proof by the preponderance of the evidence." In reaching this conclusion the ALJ clearly examined the quality, and not just the quantity, of the conflicting evidence. See Mullins Coal v. Director, OWCP, 484 U.S. 135, 149 n. 23 (1987). We see no error in the finding that the x-ray evidence was equally balanced, or in the conclusion that the presumption was thus not invoked by such evidence.
 
 
 11
 Nor can we say that the ALJ erred in finding that neither Mr. Carpenter's pulmonary function tests nor his blood gas studies triggered the interim presumption. Pulmonary function tests may trigger the interim presumption if the test results "establish the presence of a chronic respiratory or pulmonary impairment." 20 C.F.R. § 727.203(a)(2). To establish such an impairment, a test must conform to the Department of Labor's technical quality criteria and must produce qualifying results. §§ 727.203(a)(2); 727.206(a). Only one of Mr. Carpenter's pulmonary function studies conformed to the technical quality criteria, and that study did not produce qualifying results. Mr. Carpenter's blood gas studies likewise failed to produce results adequate to trigger the presumption.
 
 
 12
 Finally, we cannot fault the ALJ's treatment of the various medical opinions offered in evidence. The ALJ noted that Dr. Leslie, a treating physician, testified that Mr. Carpenter was disabled due to his back condition alone, and not due to his lung problem or even to a combination of the two. Dr. O'Neill, who examined Mr. Carpenter, found no totally disabling respiratory or pulmonary impairment. Dr. O'Neill concluded, rather, that Mr. Carpenter had the respiratory capacity to perform the work of a coal miner. Three other doctors reviewed the medical evidence in the record and likewise concluded that Mr. Carpenter did not have a significant pulmonary or respiratory impairment. Considering the record as a whole, we are constrained to say that on this point too the evidence supporting the Board's decision was substantial.
 
 
 13
 The petition for review is DENIED.
 
 
 
 [1]
 A B-reader is a physician who has demonstrated, by successful completion of an examination, his proficiency in assessing and classifying x-ray evidence of pneumoconiosis; a board-certified radiologist is a physician who has been certified in radiology or diagnostic roentgenology by the American Board of Radiology or the American Osteopathic Association. § 718.202(a)(ii)
 
 
 [2]
 The "true doubt" rule was created by the Board in order to give the miner the benefit of the doubt when the evidence favoring the miner and that favoring the employer was equally probative; the rule provided that the miner would prevail when the evidence was in equipoise. Consolidation Coal Co. v. McMahon, 77 F.3d 898, 903 (6th Cir.1996)