Ragon CUNNINGHAM, Petitioner,

v.

ISLAND CREEK COAL COMPANY; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 97–3506.

United States Court of Appeals, Sixth Circuit.

Submitted April 30, 1998.

Decided May 5, 1998. *

---

* This decision was originally issued as an "unpub-   lished decision" filed on May 5, 1998.

Ragon C. Cunningham (briefed), Morgan-field, KY, pro se.

Martin E. Hall, John W. Walters (briefed), Jackson & Kelly, Lexington, KY, for Island Creek Coal Company.

Michelle S. Gerdano, Christian P. Barber (briefed), U.S. Department of Labor, Office of the Solicitor, Washington, DC, for Director, Office of Workers' Compensation Programs, United States Department of Labor.

Before: MERRITT, NORRIS, and WALLACE,** Circuit Judges.

## OPINION

MERRITT, Circuit Judge.

*Pro se* petitioner Ragon Cunningham appeals from a decision of the Benefits Review Board affirming the Administrative Law Judge's denial of black lung benefits. Cunningham and one of the Respondents, the Director of the Office of Workers' Compensation Programs, also appeal the fact that the ALJ failed to hold a hearing on this case. The Director does not challenge the denial of benefits.[1]

Petitioner Cunningham claims he developed lung problems after 35–40 years in the coal mines. He first applied for benefits in 1982. Cunningham was awarded benefits in 1987 after the ALJ found both the existence of pneumoconiosis and total disability due to pneumoconiosis, but that decision was vacated and remanded by the Benefits Review Board. On remand benefits were again awarded based on the existence of pneumoconiosis and total disability due to pneumoconiosis, and the Benefits Review Board affirmed the finding of pneumoconiosis. However, the Board vacated that portion of the decision regarding total disability based on pneumoconiosis and again remanded the case. On second remand, the case was assigned to ALJ Daniel Sarno due to the departure from the agency of the ALJ originally assigned to Cunningham's case. The parties were given notice of the change and opportunity to object. Order (Nov. 18, 1993) (J.A. at 53) No party objected to the reassignment. Second Decision and Order Upon Remand at n. 1 (Jan. 20, 1994). (J.A. at 43).

On remand, ALJ Sarno denied benefits to Cunningham for failure to show total disability caused by pneumoconiosis. Second Decision and Order Upon Remand (Jan. 20, 1994). After the denial, Cunningham filed a timely request for modification and submitted several doctors' reports and the results of a pulmonary function test. After Cunningham received the proposed order denying benefits, he filed a request for a formal hearing in conformance with the regulations. (J.A at 19) Without holding a hearing, ALJ Sarno denied the modification request, finding that the pulmonary function test submitted by Cunningham was invalid and that the doctors' reports relying on the test were therefore entitled to no weight. Decision and Order—Denying Benefits on Modification (Feb. 12, 1996) (J.A. at 15). Cunningham appealed to the Benefits Review Board. Island Creek filed a cross-appeal concerning the failure of ALJ Sarno to hold a hearing without a waiver by the parties or providing notice. The Director did not appeal to the

---

** The Honorable J. Clifford Wallace, Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. Although its cross petition for review was dismissed due to untimeliness, Respondent Island Creek Coal Company also asserts in its brief that its due process rights were violated by the issuance of the ALJ's order *sua sponte.* Island Creek Coal Co. Br. at 11–12. Specifically, Island Creek protests its lack of opportunity to submit rebuttal evidence to Cunningham's new evidence before issuance of the ALJ decision.

Benefits Review Board. The Benefits Review Board affirmed ALJ Sarno in all regards. Decision and Order (Mar. 27, 1997) (J.A. at 8). This appeal followed.[2]

■ We will first address the failure of ALJ Sarno to hold a hearing concerning Cunningham's Request for Modification after receiving notice of a formal request for hearing from Cunningham. On almost identical facts, a panel of this Court held in an unpublished opinion that under the plain language of the Longshore Act, the ALJ must hold a hearing whenever a party so requests. *Dockins v. Director, Office of Workers' Compensation Programs, United States Dep't of Labor,* 9 F.3d 107 (6th Cir.1993): The plain language of the Longshore Act, incorporated into the Black Lung Benefits Act, 30 U.S.C. § 932(a), mandates that the ALJ hold a hearing on any claim filed with the [district director] whenever a party requests such a hearing. See 20 C.F.R. § 725.451. *Dockins* goes on to state that this requirement has been interpreted to apply to all Black Lung claims, including modification requests filed pursuant to 20 C.F.R. § 725.310, such as this one. *See Lukman v. Director, Office of Workers' Compensation Programs,* 896 F.2d 1248, 1253–53 (10th Cir.1990) (regulations do not suggest that a subsequent claim is to be processed any differently from an initial claim or that a subsequent claim does not entitle a party to an ALJ hearing); *Arnold v. Peabody Coal Co.,* 41 F.3d 1203 (7th Cir. 1994) (error for ALJ to deny hearing request in modification proceeding).

In addition to the statute, the regulations addressing black lung benefits are unequivocal on the right to an ALJ hearing in a disputed claim: "In any claim for which a formal hearing is requested ..., the [district director] *shall* refer the claim to the Office of Administrative Law Judges for a hearing." 20 C.F.R. § 725.421(a). The regulations also provide that "[a]ny party to a claim ... shall have the right to a hearing concerning any contested issue of law or fact unresolved by the [district director]." 20 C.F.R. § 725.450.

The Benefits Review Board cites a number of its own cases to support the ALJ's decision not to hold a requested hearing. Decision and Order at 3 (Mar. 27, 1997). We note first that the Board has no authority to ignore or change either the statute or the rules promulgated thereunder. We also note that the Supreme Court has held that courts should give the Secretary's interpretation of the black lung regulations substantial deference. *Mullins Coal Co. v. Director, Office of Workers' Compensation Programs,* 484 U.S. 135, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987); *accord Saginaw Mining Co. v. Mazzulli,* 818 F.2d 1278, 1283 (6th Cir.1987). Here, the Secretary has made clear that her interpretation of the regulations requires the ALJ to hold a hearing in a modification proceeding when requested by a party.

■ Like the panel in *Dockins,* we hold, therefore, that a party who has requested a hearing in a modification proceeding is entitled to one. It was error for the ALJ to deny Cunningham's request and we vacate the Benefits Review Board's decision and order and remand for further proceedings. Because the ALJ must address the evidence *de novo* at the hearing, we do not reach the merits of Cunningham's appeal.

■ Cunningham also claims that it was error to change the ALJ assigned to his case during the pendency of his proceeding. However, the ALJ initially assigned to Cunningham's case left the agency, so a new judge was assigned to the case. If an ALJ is unavailable, the Chief ALJ may "designate another administrative law judge for the purposes of further hearing or appropriate action." 29 C.F.R. § 18.30. Here, the acting Chief Administrative Law Judge assigned ALJ Sarno to Cunningham's case and the parties were notified of the change and given thirty days to object. No party objected to the reassignment. As no party objected to the reassignment after notice and because the proper procedures for reassignment were followed, we find no merit to Cunningham's argument.

---

2. Petitioner Cunningham also filed a medical report prepared by Dr. Hector Garcia with his brief to this Court. Island Creek moved to strike the new evidence. That motion was granted by this Court on December 11, 1997.

Accordingly, the decision of the Benefits Review Board affirming the denial of benefits is hereby vacated and the case remanded for further proceedings.