Elmer ROBBINS, Petitioner,

v.

CYPRUS CUMBERLAND COAL COMPANY; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 97–3277.

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 6, 1998.

Decided July 21, 1998.

Elmer Robbins, Middlesboro, KY, pro se.

Laura Metcoff Klaus, Mark E. Solomons (briefed), Arter & Hadden, Washington, DC, for Cyprus Cumberland Coal Company.

Barry H. Joyner, Christian P. Barber (briefed), U.S. Department of Labor, Office of the Solicitor, Washington, DC, for Director, Office of Workers' Compensation Programs, United States Departmen of Labor.

Before: CONTIE, BATCHELDER, and MOORE, Circuit Judges.

MOORE, Circuit Judge.

Petitioner, Elmer Robbins, filed a pro se petition for review of a decision by the Benefits Review Board upholding the denial of his modification request for black lung benefits by an administrative law judge. The administrative law judge (ALJ) failed to hold an in-person hearing on the modification request. Because we believe that the ALJ's failure to hold an in-person hearing when requested violates the statutory and regulatory rules governing the Black Lung Benefits Act ("the Act"), 30 U.S.C. §§ 901–945 (West 1986 & Supp.1997), we **VACATE** and **REMAND** for an appropriate hearing by the ALJ.

## I. FACTS AND PROCEEDINGS

Robbins first filed a claim under the Act on April 16, 1973. *See* J.A. at 1. This claim was denied by the Department of Labor on July 25, 1979, *see* J.A. at 5, and no appeal was taken from this decision.

Robbins then filed a second claim, a "duplicate claim," *see* 20 C.F.R. § 725.309 (dealing with duplicate claims), on November 9, 1990, *see* J.A. at 11, that was eventually denied

after a hearing before an ALJ on May 5, 1993, *see* J.A. at 50 (Decision & Order of March 9, 1994). Again, Robbins did not appeal this decision. Robbins did, however, represent himself in filing a timely request for modification of the denial of benefits on February 4, 1995. *See* J.A. at 54. In support of his request, Robbins submitted additional medical evidence, *see* J.A. at 56–63, but the district director[1] denied his request for modification on October 31, 1995. *See* J.A. at 64. With the assistance of counsel, on November 21, 1995 Robbins objected to the district director's decision and requested a new hearing before an ALJ. *See* J.A. at 67.

The district director then referred the case to the Office of Administrative Law Judges for a "formal hearing." J.A. at 68. The case was assigned to the same ALJ who had denied Robbins's second claim. The ALJ issued a procedural order on April 3, 1996, directing the parties to submit all documentary evidence by April 30, 1996. *See* J.A. at 72. Without holding an in-person hearing, or even addressing Robbins's hearing request, the ALJ issued a decision denying benefits on May 15, 1996. *See* J.A. at 76. A timely appeal was filed, and the Board affirmed the ALJ's decision, finding that no hearing was required. *See* J.A. at 84.

## II. ANALYSIS

The parties to this case agree that a petitioner for modification who makes an appropriate request is entitled to a hearing before an ALJ. *See* Cyprus's Br. at 24 ("agree[ing] that a petitioner for modification is entitled to a *de novo* hearing before an ALJ"); Director's Br. at 7. Respondent Cyprus Cumberland Coal Co. ("Cyprus"), argues, however, that an "in-person hearing" is not required and that the error was harmless in this case as the issues in this case only concerned the ALJ's consideration of medical evidence, and thus Robbins could not have been aided by an in-person hearing. *See* Cyprus's Br. at 24–27.

1. The terms "district director" and "deputy commissioner" are utilized interchangeably throughout this opinion. The pertinent regulations use the term "district director" for administrative purposes only to replace the term "deputy commissioner" which is utilized in the Longshore &

■ This court reviews ALJ and Benefits Review Board ("Board") decisions on a limited basis. In reviewing the decision of an ALJ, the standard of review is whether the "decision was supported by substantial evidence and was consistent with the applicable law." *Consolidation Coal Co. v. Worrell,* 27 F.3d 227, 230–31 (6th Cir.1994); *see also O'Keeffe v. Smith, Hinchman & Grylls Assocs.,* 380 U.S. 359, 362, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965). This case involves the Board's interpretation of the statutory and regulatory requirements under the Act. "[B]ecause the Board acts as an adjudicatory tribunal and does not make rules or formulate policy, its interpretation is not entitled to any special deference." *Sharondale Corp. v. Ross,* 42 F.3d 993, 997 (6th Cir.1994) (citing *Saginaw Mining Co. v. Mazzulli,* 818 F.2d 1278, 1283 (6th Cir.1987) (quoting *Potomac Elec. Power Co. v. Director, OWCP,* 449 U.S. 268, 278 n. 18, 101 S.Ct. 509, 66 L.Ed.2d 446 (1980))). When dealing with a claim for benefits, we must also keep in mind that "[t]he Act is remedial in nature, and it must be liberally construed to include the largest number of miners as benefit recipients." *Tussey v. Island Creek Coal Co.,* 982 F.2d 1036, 1042 (6th Cir.1993) (quoting *Southard v. Director, OWCP,* 732 F.2d 66, 71 (6th Cir.1984)).

### A. MODIFICATION HEARING

■ As indicated above, Robbins filed his last action in this case below as a request for modification pursuant to § 922. The Director argues that the Black Lung Benefits Act and the applicable regulations "give a miner, or any other aggrieved party, the right to a hearing on a modification request." Director's Br. at 7. Because the ALJ did not hold a formal hearing on the modification request, the Director contends that the case should be sent back to the ALJ for such a hearing.

Harbor Workers' Compensation Act, ("LHWCA"), 33 U.S.C. § 901 *et seq.* See 20 C.F.R. § 725.101(a)(11). The Black Lung Benefits Act incorporates certain provisions of the LHWCA. *See* 30 U.S.C. § 932(a).

In *Cunningham v. Island Creek Coal Co.*, 144 F.3d 388, (6th Cir. 1998), this court held "that a party who has requested a hearing in a modification proceeding is entitled to one." Because *Cunningham* involved a request for a "formal hearing," *see id.* at 389–90, we believe that it controls our decision in this case. We provide this further elaboration to clarify the specific issue raised in this case—whether such a hearing must be an "in-person" hearing.

## 1. THE PLAIN MEANING OF THE STATUTORY LANGUAGE

■■■ In interpreting the requirements of the Black Lung Benefits Act, " 'our starting point must be the language employed by Congress.' " *Saginaw Mining Co.*, 818 F.2d at 1281 (quoting *American Tobacco Co. v. Patterson*, 456 U.S. 63, 68, 102 S.Ct. 1534, 71 L.Ed.2d 748 (1982) (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 337, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979))). Under the Act, within one year of a rejection of his or her claim, an individual can make a request for modification with the deputy commissioner. *See* 33 U.S.C. § 922, as incorporated by 30 U.S.C. § 932(a). The incorporated provisions of 33 U.S.C. § 922 give the deputy commissioner discretion to review such a request. In pertinent part, 33 U.S.C. § 922 provides:

> [u]pon his own initiative, or upon the application of any party in interest, ... on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may ... review a compensation case ... in accordance with the procedure prescribed in respect of claims in section 919 ....

33 U.S.C. § 922. Once the deputy commissioner exercises his discretion to review such a claim, § 922 specifies that modification requests are to be reviewed "in accordance with the procedure prescribed in respect of claims in [33 U.S.C. § 919]." 33 U.S.C. § 922; *see also Saginaw Mining Co.*, 818

F.2d at 1281–82; *accord* 20 C.F.R. § 725.310(b) ("Modification proceedings shall be conducted in accordance with the provisions of [20 C.F.R. Part 725, setting forth the procedures for the adjudication of black lung claims] as appropriate."). The parties in a modification request, therefore, have the same § 919 procedural rights as they do with respect to the original claim. *See Saginaw Mining Co.*, 818 F.2d at 1281–82. Thus, "upon application of any interested party [the deputy commissioner] shall order a hearing thereon." 33 U.S.C. § 919(c), as incorporated by 30 U.S.C. § 932(a); *see also Cunningham*, 144 F.3d at 388; *Pyro Mining Co. v. Slaton*, 879 F.2d 187, 190 (6th Cir.1989) (holding that the statute gives parties a "right to a hearing before an administrative law judge on all questions in respect of a claim").

33 U.S.C. § 919(d) provides that any hearing held "shall be conducted by a[n] administrative law judge" and "shall be conducted in accordance with the provisions of section 554 of Title 5." [2] Section 554(c)(2) of the Administrative Procedure Act provides for a hearing to be held in accordance with § 556. *See also Steadman v. SEC*, 450 U.S. 91, 96–97, 101 S.Ct. 999, 67 L.Ed.2d 69 (1981) (discussing §§ 554, 556). Section 556(d) provides that a party is entitled "to conduct such cross-examination as may be required for a full and true disclosure of the facts," as well as the right "to present his case or defense by oral or documentary evidence, [and] to submit rebuttal evidence." 5 U.S.C. § 556(d). Thus, there is a requirement that an ALJ hearing be conducted "in-person," absent waiver or a proper grant of a motion for summary judgment.

## 2. THE REGULATORY LANGUAGE

The regulations provide further details regarding the requirements for a hearing. Under the regulatory framework governing modification requests, once a claim or modification request is filed, the initial processing and evidentiary development is undertaken by the district director. *See* 20 C.F.R.

---

**2.** Portions of § 919 refer to hearings before deputy commissioners, but the LHWCA was amended in 1972 to vest in administrative law judges all powers and responsibilities in regard to hearings. *See* 33 U.S.C. § 919(d), as incorporated by 30 U.S.C. § 932(a); *see also Saginaw Mining Co.*, 818 F.2d at 1282.

§§ 725.410–725.417; *see also Saginaw Mining Co.*, 818 F.2d at 1282. The district director then issues a proposed decision on the claim, *see* 20 C.F.R. § 725.418, which the parties can then accept, request revision, or reject and request a hearing before an ALJ. *See* 20 C.F.R. § 725.419. Most importantly, "[i]n any claim for which a formal hearing is requested or ordered, ... the [district director] shall refer the claim to the Office of Administrative Law Judges for a hearing." 20 C.F.R. § 725.421(a).

A hearing is not necessary if all parties give written waiver of their rights to a hearing and request a decision on the documentary record. *See* 20 C.F.R. § 725.461(a).[3] The only other instance in the regulations which permits a decision without holding a requested hearing is when a party moves for summary judgment, and the ALJ determines that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *See* 20 C.F.R. § 725.452(c). As the Director points out, "[t]here is no regulatory provision which would permit an administrative law judge to initiate summary judgment proceedings *sua sponte.*" Director's Br. at 10.

> As this court noted in *Cunningham*,
>
> the Supreme Court has held that courts should give the Secretary's interpretation of the black lung regulations substantial deference: *Mullins Coal Co. v. Director, Office of Workers' Compensation Programs*, 484 U.S. 135, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987); *accord Saginaw Mining Co. v. Mazzulli*, 818 F.2d 1278, 1283 (6th Cir.1987). Here, the Secretary has made clear that her interpretation of the regulations requires the ALJ to hold a hearing in a modification proceeding when requested by a party.

*Cunningham*, 144 F.3d at 388. The Secretary has likewise made clear her interpretations of the regulations in this case, arguing that a hearing at which Robbins could introduce testimonial evidence is required. *See* Director's Br. at 16–17.

---

**3.** This waiver provision underscores the normal "in-person" hearing requirement, for it explicitly uses the term "oral hearing." *See* 20 C.F.R. § 725.461(a) ("If all parties waive their right to

## B. HARMLESS ERROR ANALYSIS

■ Cyrus argues that any oral testimony would be irrelevant in this case because Robbins himself could not have testified to anything that would change the result in this case and that "parties rarely bring a live expert to a black lung hearing." Cyrus's Br. at 24 n. 6. The mere fact that parties rarely bring a live expert is immaterial. Robbins should have had the opportunity to bring a live expert. Additionally, although the ALJ required any documentary evidence to be introduced in advance, the Director correctly points out that Robbins could request and receive permission at a hearing to introduce additional documentary evidence. Indeed, Robbins claims to have intended to attempt to introduce additional evidence. *See* Director's Br. at 16–17. The essence of Cyrus's argument is that it would be more efficient to allow the ALJ sua sponte to dismiss claims such as Robbins's. On this issue we agree with the Tenth Circuit that " '[e]fficiency,' no matter how desirable, is not a justification for rewriting the statute and regulations.... We must simply apply the statutes and regulations as they stand." *Lukman v. Director, OWCP*, 896 F.2d 1248, 1253 (10th Cir.1990).

Finally, Cyrus relies on the Board's interpretation of the statute and an unpublished Sixth Circuit case to argue that a hearing is required only when a hearing will "render justice" under the Act. *See* Cyrus's Br. at 26 (citing *York v. Director, OWCP*, 82 F.3d 419 (6th Cir. 1996) (quoting *O'Keeffe v. Aerojet–General*, 404 U.S. 254, 256, 92 S.Ct. 405, 30 L.Ed.2d 424)). We find neither of these two authorities persuasive.

The Board relies on its previous decisions in holding that an ALJ has "the discretion to decide whether a modification hearing is necessary to render justice in a particular case." *See* J.A. at 86 (Board Decision & Order) (citing *Napier v. Director, OWCP*, 17 BLR 1–111, 1–113 (1993); *Wojtowicz v. Duquesne Light Co.*, 12 BLR 1–162 (1989)). Neither of

---

appear before the administrative law judge, it shall not be necessary for the administrative law judge to give notice of, or conduct, an *oral hearing.*" (emphasis added)).

the decisions on which the Board relied engaged in any analysis of the statutory language. Additionally, as we noted above, the Board's interpretation of the statutory or regulatory requirements "is not entitled to any special deference." *Sharondale Corp.,* 42 F.3d at 997 (citing *Saginaw Mining Co.,* 818 F.2d at 1283 (quoting *Potomac Elec. Power Co.,* 449 U.S. at 278 n. 18, 101 S.Ct. 509)).

The unpublished opinion of *York* explicitly stated that "the only issue before us is whether the ALJ properly found that modification of the award of benefits would 'render justice' under the Act." *York,* 82 F.3d 419. It did not address the issue of whether an "in-person" hearing is required and, therefore, provides no support for Cyprus's argument.

Based on the statutory and regulatory language governing a modification request under the Act, we hold that the ALJ was required to hold an in-person hearing absent a waiver or a properly granted motion for summary judgment.

### III. CONCLUSION

For the reasons stated above, the Board's Decision and Order is **VACATED** and the case **REMANDED** for a hearing by an ALJ to consider Robbins's modification request.