RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0123P (6th Cir.)
File Name: 01a0123p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

JEROME KING,

        *Petitioner,*

    *v.*

JERICOL MINING, INC.;
DIRECTOR, OFFICE OF
WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,

        *Respondents.*

No. 99-4501

On Appeal from an Order of
the Benefits Review Board.
No. 98-1613 BLA.

Argued: November 28, 2000

Decided and Filed: April 18, 2001

Before: RYAN and NORRIS, Circuit Judges; EDGAR,
District Judge.*

_____

*The Honorable R. Allan Edgar, Chief United States District Judge
for the Eastern District of Tennessee, sitting by designation.

1

---

**COUNSEL**

---

**ARGUED:**    Kenneth S. Stepp, Inverness, Florida, for Petitioner.  Ronald E. Gilbertson, BELL, BOYD & LLOYD, Washington, D.C., Helen Cox, U.S. DEPARTMENT OF LABOR, OFFICE OF THE SOLICITOR, Washington, D.C., for Respondents. **ON BRIEF:** Kenneth S. Stepp, Inverness, Florida, for Petitioner.  Ronald E. Gilbertson, BELL, BOYD & LLOYD, Washington, D.C., Christian P. Barber, Helen Cox, U.S. DEPARTMENT OF LABOR, OFFICE OF THE SOLICITOR, Washington, D.C., for Respondents.

---

**OPINION**

---

NORRIS, Circuit Judge.  Petitioner-Claimant Jerome King seeks our review of a decision by the United States Department of Labor Benefits Review Board ("Board") affirming a denial of his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945 (the "Act"). Among other arguments, King asserts that Respondent Jericol Mining, Inc. ("Jericol"), was, as an employer, precluded from seeking modification of an earlier award of benefits to King. We affirm the Board for the reasons set forth in its opinion and write only to clarify that the Black Lung Benefits Act's provision for modification proceedings is a broad reopening provision that applies to employer and employee alike.

**I.**

King worked as a coal miner for fourteen years.  According to King, breathing problems led him to assume lighter duties before he ultimately ceased his employment as a miner in the early 1980s.  In 1985, King filed his first of three claims for black lung benefits with the Department of Labor ("DOL") under the Act.  He filed his second claim in 1986.  The first two claims were denied in 1985 and 1987, respectively,

## IV.

The Board's decision upholding the ALJ's denial of benefits is **AFFIRMED**.

because King failed to prove he had pneumoconiosis, commonly referred to as black lung disease.[1] King's third application for benefits, dated December 18, 1990, gave rise to this appeal.

An Administrative Law Judge ("ALJ") awarded King benefits, a decision that the Board affirmed. Subsequently, King's former employer, Jericol, filed a modification petition with the district director,[2] which ultimately led to another hearing before a different ALJ who denied benefits. King appealed to the Board, which affirmed the denial. He now asks this Court to reinstate the previous award of benefits, or remand the matter for further proceedings. King has steadfastly maintained that Jericol, as an employer, is not entitled to utilize the modification procedure set out in 33 U.S.C. § 922.[3]

## II.

We apply a narrow scope of review to decisions of the Board. *See Director, OWCP v. Quarto Mining Co.*, 901 F.2d 532, 536 (6th Cir. 1990). "[W]e must affirm the Board's decision if the Board has not committed any legal errors or exceeded its statutory scope of review of the administrative

---

[1] To qualify for black lung benefits, a claimant must show that: (1) he has pneumoconiosis; (2) his coal mine work at least partially caused the disease; and (3) the disease caused total disability. *See* 20 C.F.R. § 718.202 - .204.

[2] The district director is the DOL's initial adjudication officer who processes all claims and makes a preliminary determination on the claimant's eligibility for benefits. The term "district director" has replaced the term "deputy commissioner," the latter term appearing in certain Longshore and Harbor Workers' Compensation Act provisions that black lung regulations incorporate. *See* 20 C.F.R. § 725.101(a)(16); *Robbins v. Cyprus Cumberland Coal Co.,* 146 F.3d 425, 427 n.1 (6th Cir. 1998).

[3] The Act incorporates 33 U.S.C. § 922 (Section 22 of the Longshore and Harbor Workers' Compensation Act) pursuant to 30 U.S.C. § 932 and 20 C.F.R. § 725.310.

law judge's factual determinations." *Id.* "When the question is whether the ALJ reached the correct result after weighing conflicting medical evidence, 'our scope of review . . . is exceedingly narrow. Absent an error of law, findings of facts and conclusions flowing therefrom must be affirmed if supported by substantial evidence.'" *Consolidation Coal Co. v. Worrell*, 27 F.3d 227, 230-31 (6th Cir. 1994) (quoting *Riley v. National Mines Corp.*, 852 F.2d 197, 198 (6th Cir. 1988)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

As mentioned above, King asserts that an employer cannot pursue modification once the Board has affirmed an ALJ's decision to award benefits.

The statutory authority for modification of awards of black lung benefits is based upon section 22 of the Longshore and Harbor Workers' Compensation Act:

Upon his own initiative, or upon the application of *any party* in interest (including an *employer* or carrier which has been granted relief under section 908(f) of this title), on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case (including a case under which payments are made pursuant to section 944(i) of this title) in accordance with the procedure prescribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. Such new order shall not affect any compensation previously paid . . . .

33 U.S.C. § 922 (emphasis added), *as incorporated by* 30 U.S.C. § 932(a); *as implemented by* 20 C.F.R. § 725.310.[4] The Supreme Court has construed this provision broadly: "The plain import of [the modification statute] was to vest a deputy commissioner with broad discretion to correct mistakes of fact, whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on the evidence initially submitted." *O'Keeffe v. Aerojet-General Shipyards, Inc.*, 404 U.S. 254, 256 (1971) (per curiam), *quoted in Jessee v. Director, OWCP*, 5 F.3d 723, 724-25 (4th Cir. 1993) (describing the Supreme Court's construction of the modification provision as granting authority to the deputy commissioner "in almost limitless terms"). It is apparent to us that, by its plain language, 33 U.S.C. § 922 is a broad reopening provision that is available to employers and employees alike. Nothing in the statute or the implementing regulation supports King's suggestion that modification is an "irregular procedure," unavailable to employers that do not follow "regular appeal procedures."

### III.

Turning to the merits of King's claim for benefits, we are not persuaded that the Board erred in affirming the decision denying benefits. Therefore, we affirm the order of the Board denying benefits upon the reasoning employed in its Decision and Order issued September 14, 1999.

---

[4] We note that the DOL published a final rule on December 20, 2000, amending 20 C.F.R. § 725.310. *See* 65 Fed. Reg. 79,920 (Dec. 20, 2000). The amendments to § 725.310, which are prospective only, became effective on January 19, 2001, while this appeal was pending. Our analysis is premised on § 725.310 as it was written at the time of oral argument. Nevertheless, our review of § 725.310, as amended, leads us to believe that the recent amendments would not affect the outcome of this appeal. Moreover, the parties do not suggest otherwise, having chosen not to supplement their briefs.