**Cillis Gene LANKFORD, Petitioner,**

v.

**EASTOVER COAL CO.; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 00–4018.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; COHN, District Judge.*

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

## ORDER

Cillis Gene Lankford, through counsel, petitions for review of the Benefits Review Board's (Board's) decision and order denying his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Lankford originally filed an application for black lung benefits in July 1981. The deputy commissioner denied benefits on February 18, 1983, after finding that Lankford had failed to establish either pneumoconiosis or total disability due to pneumoconiosis. Lankford did not appeal this decision.

Lankford submitted his second application for benefits on November 2, 1987. After the deputy commissioner again denied benefits, a hearing was held before Administrative Law Judge (ALJ) Schneider. The ALJ analyzed the evidence under the duplicate claim provision of the regulations, found that Lankford had established a material change in condition by demonstrating that he has pneumoconiosis, and awarded benefits in a decision and order issued on March 4, 1992. On appeal, the Board remanded the case with instructions that the ALJ consider all of the medical evidence of record, not just that submitted since the denial of the original claim, to determine Lankford's entitlement to benefits.

In a decision and order issued on April 18, 1994, ALJ Schneider considered the evidence as directed and found that Lankford had established eight years of qualifying coal mine employment, the existence of

pneumoconiosis, and total disability. Nonetheless, the ALJ denied benefits on the belief that the Board had mandated a failure to prove causation. On appeal, the Board clarified that it had *not* mandated such a finding, reversed the ALJ's decision, and remanded the case for an award of benefits. The employer's motion for reconsideration was granted and the case was again remanded for the ALJ to reconsider the issue of material change in condition in accordance with this court's intervening decision in *Sharondale Corp. v. Ross,* 42 F.3d 993, 996 (6th Cir.1994), as well as to reconsider the issues of total disability and causation. Because ALJ Schneider was no longer with the Office of Administrative Law Judges (OALJ), the case was reassigned, over Lankford's objection, to ALJ Kichuk.

On remand, ALJ Kichuk found that Lankford had proven pneumoconiosis, thus establishing a material change in condition, but denied benefits on the ground that Lankford had failed to show that he was totally disabled due to pneumoconiosis. The ALJ's decision and order was issued on July 22, 1998. The Board affirmed the ALJ's decision on March 31, 2000, and denied Lankford's motion for reconsideration.

In his petition for review, Lankford argues that: (1) he has established entitlement to benefits by showing that he is totally disabled due to pneumoconiosis; and (2) the Board erred by remanding the case to a different ALJ or, in the alternative, in denying him a *de novo* trial.

This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its scope of review of the ALJ's determination. *Glen Coal Co. v. Seals,* 147 F.3d 502, 510 (6th Cir.1998). The court reviews the ALJ's decision only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. *Id.* This court does not reweigh the evidence or substitute its judgment for that of the ALJ. *Gray v. SLC Coal Co.,* 176 F.3d 382, 387 (6th Cir.1999). Thus, as long as the ALJ's conclusions are supported by the evidence, they will not be reversed, "even if the facts permit an alternative conclusion." *Youghiogheny & Ohio Coal Co. v. Webb,* 49 F.3d 244, 246 (6th Cir.1995).

■ Lankford argues that the Board erred in reassigning his claim to ALJ Kichuk upon remand and seeks either remand to ALJ Schneider or remand for a *de novo* hearing before ALJ Kichuk. Lankford's claim was reassigned in accordance with 29 C.F.R. § 18.30, which provides, "In the event the administrative law judge designated to conduct the hearing becomes unavailable, the Chief Administrative Law Judge may designate another administrative law judge for the purpose of further hearing or other appropriate action." By September 1997, when the Board remanded the claim for further consideration, ALJ Schneider was no longer with the OALJ. Thus, despite any objections to a reassignment, the case simply could not be reconsidered by him. Under those circumstances, and with proper notice, it was within the discretion of the Chief Administrative Law Judge to reassign the case. *See Cunningham v. Island Creek Coal Co.,* 144 F.3d 388, 390 (6th Cir.1998); *Fife v. Director, OWCP,* 888 F.2d 365, 370 (6th Cir.1989).

However, Lankford further complains in his petition for review that his objections to the reassignment were solicited, then ignored and asserts that, in the alternative, he should be granted a new hearing. While it is unfortunate that the OALJ did not respond to Lankford's objections, we note that his objections did not include a request for a new hearing in the event of reassignment. Since no new hearing was

requested, there was no error in failing to grant one. In any event, a new hearing is required "only when the evaluation of credibility is crucial to resolving the factual disputes involved." *Fife*, 888 F.2d at 370. The only entitlement issue remaining was the cause and extent of Lankford's disability. Those are medical issues regarding which Lankford's testimony and personal credibility are not determinative; thus, no new hearing was required. *Id.* ALJ Schneider had no advantage over ALJ Kichuk when it came to reading the medical reports and evaluating them to determine questions of disability. Moreover, ALJ Kichuk had access to the hearing transcript and to ALJ Schneider's finding that Lankford's testimony was credible and corroborated.

Because Lankford's second application for benefits was filed more than one year following the final denial of his prior claim, it was properly analyzed as a duplicate claim. Pursuant to 20 C.F.R. § 725.309(d), it is the claimant's burden to show a material change in his condition before he is entitled to further adjudication. *Ross*, 42 F.3d at 996. If the miner establishes the existence of an element of entitlement previously adjudicated against him, he has demonstrated, as a matter of law, a material change, and the ALJ must then consider whether *all* of the record evidence, including that submitted with the previous claim, supports a finding of entitlement to benefits. *Id.* at 997–98.

In order to establish entitlement to benefits, a miner must show that: (1) he has pneumoconiosis; (2) the pneumoconiosis arose out of his coal mine employment; and (3) the pneumoconiosis rendered him totally disabled. 20 C.F.R. § 718.202–04; *Adams v. Director, OWCP*, 886 F.2d 818, 820 (6th Cir.1989). He must prove each element by a preponderance of the evidence, except insofar as he is aided by a presumption. *Id.*

■ Lankford argues that ALJ Schneider's findings on causation and total disability are the law of the case and that any contrary findings and conclusions made by ALJ Kichuk are thus invalid. This argument ignores the fact that the Board vacated ALJ Schneider's findings as to the issues of causation and total disability and specifically remanded the case for reconsideration of those issues, affirming only the finding that Lankford had established pneumoconiosis. This court's review is limited to the final decision and orders of the Board and the ALJ; it has "no authority to review the ALJ's *first* resolution of the petitioner's claim." *Bartley v. L & M Coal Co.*, 901 F.2d 1311, 1313 (6th Cir.1990) (emphasis in original).

The respondent does not challenge the ALJ's finding that Lankford has established the existence of pneumoconiosis and, thus, a material change in condition. However, in order to establish that he is entitled to benefits, Lankford must also show that he is totally disabled due "at least in part" to his pneumoconiosis. *See Cross Mountain Coal, Inc. v. Ward*, 93 F.3d 211, 216 (6th Cir.1996). Lankford has failed to establish total disability through qualifying pulmonary function studies, qualifying arterial blood gas studies, or evidence that he suffers from cor pulmonale with right-sided congestive heart failure. *See* 20 C.F.R. § 718.204(c)(1)-(3).

Total disability may also be established by a documented and reasoned medical opinion. *See* 20 C.F.R. § 718.204(c)(4). In weighing a physician's report, the ALJ may take into consideration a number of factors, including the length of time the physician has treated the miner, the qualifications of the physician, the recency of the report, and whether the report is adequately documented and based on accurate data. *See, e.g., Gray*, 176 F.3d at 388;

*Brown v. Rock Creek Mining Co.,* 996 F.2d 812, 816 (6th Cir.1993); *Phillips v. Director, OWCP,* 768 F.2d 982, 984 (8th Cir. 1985); *Director, OWCP v. Rowe,* 710 F.2d 251, 255 (6th Cir.1983). This court will defer to the ALJ's determination of credibility and resolution of inconsistencies in testimony, including the weight to be accorded to physicians' opinions, where the ALJ's determinations are supported by substantial evidence. *Consolidation Coal Co. v. Worrell,* 27 F.3d 227, 231 (6th Cir. 1994).

We conclude that the ALJ did not err in finding that Lankford has failed to establish by means of medical opinion evidence that he is totally disabled due to pneumoconiosis. This finding is supported by substantial evidence and is in accordance with the applicable law. Accordingly, Lankford's petition for review is denied.