**Elmer ROBBINS, Petitioner,**

v.

**CYPRUS CUMBERLAND COAL COMPANY; Director; Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

**No. 01–3163.**

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2001.

Before NORRIS and BATCHELDER, Circuit Judges; GWIN, District Judge.*

Elmer Robbins, proceeding pro se, petitions for review of the Benefits Review Board's (Board's) decision and order denying his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Robbins's original application for benefits was filed with the Social Security Administration in April 1973. It was subsequently reviewed by the Department of Labor, which denied the claim on July 25, 1979. That decision was not appealed. Robbins filed a second application for benefits on November 9, 1990, which was analyzed under the duplicate claim provision of 20 C.F.R. § 725.309(d) and was denied by an administrative law judge (ALJ) on March 9, 1994. Less than one year later, Robbins wrote a letter expressing his desire to further pursue his claim. His letter was construed as a request for modification under 20 C.F.R. § 725.310. This request was also denied by the ALJ, and the denial was affirmed by the Board. However, Robbins further appealed to this court, which remanded the case for a formal hearing in relation to the request for modification. *See Robbins v. Cyprus Cumberland Coal Co.,* 146 F.3d 425 (6th Cir.1998).

Upon remand, a different ALJ held a formal hearing at which Robbins testified and additional medical exhibits were submitted. In a decision and order issued on January 14, 2000, the ALJ found that Robbins had established 44 years of qualifying coal mine employment, seven underground, and a negligible smoking history. However, the ALJ further found that Robbins had failed to establish either that he suffered from pneumoconiosis or that he had a totally disabling respiratory impairment. Thus, the ALJ found no change in condition or mistake in a prior determination of fact that would entitle Robbins to benefits. The Board affirmed the ALJ's decision and order on January 23, 2001.

In his petition for review, Robbins argues that the ALJ erred in concluding that he was not entitled to black lung benefits.

This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its scope of review of the ALJ's determination. *Glen Coal Co. v. Seals,* 147 F.3d 502, 510 (6th Cir.1998). The court reviews the ALJ's decision only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. *Id.* This court does not reweigh the evidence or substitute its judgment for that of the ALJ. *Gray v. SLC Coal Co.,* 176 F.3d 382, 387 (6th Cir.1999). Thus, as long as the ALJ's conclusions are supported by the evidence, they will not be reversed, "even if the facts permit an alternative conclusion." *Youghiogheny & Ohio Coal Co. v. Webb,* 49 F.3d 244, 246 (6th Cir.1995).

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Upon review, we conclude that the ALJ's decision in this case is supported by substantial evidence and is in accordance with the applicable law. Accordingly, Robbins's petition for review of the Board's decision is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.